## WOODRUFF VS SANDERS AD. OF PETTIT.

The true construction of the act of 5th March, 1838, in force 20th March, 1839, (*Rev. Stat., ch.* 51,) is, that as to judgments rendered *after* the passage of that act, the presumption of payment was conclusive, after the expiration of ten years, unless repelled by part payment or a written acknowledgment; while, as to judgments rendered *prior* to the passage of that act, the presumption should be repelled, not only by those means, but by all the other means allowed at common law.

*Error to the Circuit Court of Pulaski County.*

Hon. WM. H. FEILD, Circuit Judge, presiding.

TRAPNALL, for the plaintiff, contended that, under the plea of payment, the defendant was bound to prove actual payment; and that he could not take advantage of the presumption of payment from lapse of time, under the statute, except upon special plea.

PIKE & CUMMINS, for the defendant, relied upon the statute of 5th March, 1838. *Rev. Stat., ch. XCI, secs.* 29 *and* 31.

Mr. Justice SCOTT delivered the opinion of the Court.

On the 29th of August, 1849, Woodruff sued out a *sci. fa.* from the Pulaski Circuit Court, to revive a judgment recovered

in his favor in that Court, on the 26th day of July, 1833, against Pettit. Several pleas were interposed, upon which issues were joined, among them the plea of payment. Subsequently, all of these were withdrawn, except the last named, upon which alone the case was heard and determined by the Court, without the intervention of a jury; and, upon the issue joined upon this plea, having been found for the defendant, judgment was rendered accordingly. A motion for a new trial was made upon the ground that the finding and judgment were against law and evidence, and that the deposition of Tunstall, which proved the payment, as plead, ought to have been excluded on the objection taken, " that the interrogatories," which appear in the deposition to have been written out, to be propounded to him, " were not answered," although it does appear that the witness was sworn " to testify the truth, the whole truth, and nothing but the truth, in regard to the matters in controversy," and accordingly made a connected and minute statement of all that he professed to know.

It is insisted, on the part of Pettit, without conceding the validity of this objection to the deposition of Tunstall, that the finding and judgment of the Court are sustained without regard to this deposition. And this, upon either of two distinct grounds, to wit: *First*, If the provisions of our statute regulating the common law rule, as to the presumptions of payment, does not reduce the period for a conclusive presumption of payment down to ten years, as to judgments rendered prior to the passage of that act, (which was the 5th of March, 1838,) but leaves it at twenty years, as at common law, then that the efflux of upwards of sixteen years, in combination with the facts in proof, that Pettit, from the day of the rendition of the judgment henceforward, resided in the county of Chicot, and was, during the whole time, in good circumstances, and amply able to pay all his debts, and that an execution, to that county, was issued in the year 1833, soon after the rendition of the judgment, which could not now be found in the clerk's office, fully authorized the Court below, sitting as a jury, in the absence of all rebutting testimony,

of which none was offered, to find in favor of the plea of payment, as was done. *Secondly*, If, on the contrary, the statute did reduce the period for a conclusive presumption to ten years, as to judgments rendered previous to its passage, then the Court was authorized to find as it did, in the absence of all rebutting testimony, upon the ground of the mere efflux of time alone, without any aid from the other facts in proof, much less any aid from the deposition of Tunstall.

At common law, a debt was presumed to be paid if unclaimed and without recognition for the space of twenty years, in the absence of any explanatory evidence; this rule was applied, not only to bonds for the payment of money, but to mortgages, judgments, warrants of attorney to confess judgment, decrees, statutes, recognizances, and other matters of record. Before the expiration of twenty years, the law did not make the presumption; nevertheless, the jury, upon an issue of payment, might infer the fact of payment from a lapse of time, short of twenty years, *in combination* with other circumstances in evidence, such as the settlement of an account in the intermediate time, or the obligee being poor and the obligor independent, or the parties residing in the neighborhood of each other, without any demand being made, and other like circumstances—the evidence to be more or less strong, in aid of the presumption from lapse of time, as the time is more or less short of twenty years. But although the full period of twenty years had elapsed, the law would not conclude that the debt had been paid, if the presumption was rebutted by evidence, such as proof of the defendant's recent acknowledgment of the debt, or of payment of interest within twenty years, or of demand made within that time, or of suit brought and the writ returned *non est inventus*, or that, during part of the time, the plaintiff was an alien enemy, and disabled to sue, or that the courts of justice were closed, and the country in the tumult and confusion of war and revolution.

Thus stood the law, until our statute of the 5th March, 1838, in force March 20th, 1839, (*Chap. XCI, Rev. Stat. of* 1839, *p.*

531,) which cut down the period, for this presumption of *law* from twenty to ten years, upon judgments and decrees to be rendered after the passage of that act, and also provided that, that presumption should only be repelled by proof of part payment or of a written acknowledgment made within that period (30,) and which put all rights of action, upon *every instrument for the payment of money* OR *property*, upon the same footing (31). Thus regulating this common law doctrine so as to make it approach more nearly to the rule given by the statute of limitations, which perhaps first suggested it, and in the wake of which it has followed. (See observations, as to this, in *Brian vs. Tims, 6 Eng. R., p.* 600, 1 and 2.) These provisions of the statute (both repealed by the act of the 14th December, 1844,) are easily enough understood, but there was a further one, as to judgments rendered *prior* to the passage of the act, that the presumption of payment should apply to these in the "same manner as such presumption applies to sealed instruments," that is not altogether so clear (*sec.* 29 retained in *Eng. Dig., Ch.* 100, *sec.* 32). These several provisions doubtless should be construed together, and, if possible, some meaning extracted which would give them all operation. And as judgments rendered *prior* to the passage of the act, are the express subject matter of the last cited section, it would seem to authorize the assumption that it was the design of the Legislature to place these, as well as judgments rendered *afterwards*, and all instruments for the payment of money or property, which are provided for in the other two sections, upon some footing different from that upon which they stood at common law.

The leading ideas, to be extracted from this legislation, when considered in gross, is the cutting down of the common law period of twenty years, and the narrowing of the ground for repelling the presumption when thus cut down, both tending to points of policy, which the practical operation of the statutes of limitation have commended to the Legislature. If it be supposed that both of these objects were designed to have been attained by the Legislature, in reference to judgments rendered *prior* to the pas-

sage of the act, as is plain was the design as to judgments rendered *afterwards*, and as to all instruments for the payment of money or property, then there would have been no occasion at all for discriminating between judgments rendered *prior*, and those rendered *subsequent*, to the passage of the act, as is expressly done in emphatic terms. On the other hand, if it be supposed that it was the design to apply the presumption of law in question to these judgments, in *all respects*, as it was applied to sealed instruments at common law, then the whole of section 29 amounts to nothing at all; because that was precisely the common law in its full length and breadth. If, however, it be supposed that it was the design of the Legislature to discriminate *in favor* of the rights of the plaintiff, as to judgments rendered *prior* to the passage of the act, each of the provisions of the three sections will be effective and sensible, and be in harmony with each other; and such a discrimination would be reasonable, because these statutory regulations of the common law doctrine of presumption of payment, are, in their terms, prospective as to judgments rendered after the passage of the act, and retrospective as to those rendered prior to its passage. The Legislature might, therefore, with much reason, while cutting down the period for a conclusive presumption of law, as to *both classes* of judgments, from twenty to ten years, prescribe that, as to judgments rendered *after* the passage of the act, this presumption should remain *conclusive*, unless repelled by part payment, or a written acknowledgment of indebtedness, within the ten years, in analogy to a like provision in reference to the limitation of actions prescribed in Lord TENTERDEN's act, which they had adopted as to this; while, at the same time, as to judgments rendered *prior* to the passage of the act, the presumption should be repelled, not only by these means, but by all the other means allowed at common law. As this construction allows all the provisions of the statute on this subject to be effective and sensible, and is reasonable, and no other, that has been suggested, comes up to this standard, we adopt it as the true interpretation of the legislative will. And when applied

to the facts of the case at bar, the finding and judgment of the Court below are doubly sustained, although the plaintiff in error might be allowed the fullest benefit of every exception to the deposition of Tunstall, either taken in the Court below, or the additional one made here in argument; because not only is there no evidence in the record tending, in any way, to repel the conclusive presumption of law, which attached after ten years, which the defendant had the right to rely upon in support of the issue upon his plea of payment in, but, in addition to this, he made proof of facts, and circumstances to fortify this presumption, had it been attacked.

Putting the case then upon this point, the judgment must be affirmed, without reference to the other points raised.