## BREARLY AD. VS. PEAY, REC'R.

A plea to a *scire facias* to revive a judgment, that it has been assigned to a third person, is bad on demurrer; because the assignment vests only the equitable title in the assignee, with the right to control the collection and use the name of the plaintiff.

To a scire facias issued in 1857, to revive a judgment rendered in 1846, and which had been revived in 1852, the presumption of payment from lapse of time does not apply.

The failure of the Circuit Court to dispose of a bad plea, is not sufficient cause to reverse the judgment.

A party may pursue concurrent remedies—issue a scire facias to revive a judgment against the administrator of a deceased judgment debtor, and present the claim for allowance in the Probate Court—though he can have but one satisfaction.

### *Error to Pope Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

HOLLOWELL, for the appellant.

HEMPSTEAD, for the appellee.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

This was a *scire facias* to revive the same judgment which was the subject of controversy in *Brearly adr. vs. Norris, ante.*

Brearley, the administrator of Norris, pleaded in bar of the *scire facias* that the judgment had been assigned to Mrs. Norris, by Peay, as Receiver of the assets of the Real Estate Bank, pursuant to an order of the Chancery Court of Pulaski county, and a demurrer was sustained to the plea.

The demurrer was properly sustained. The assignment vested in Mrs. Norris an equitable title to the judgment, and its fruits, and she had the right to control its collection, and to use the name of Peay, receiver of the assets of the bank, as plaintiff in the scire facias to revive the judgment. *Weir et al. vs. Pennington et al.* 6 *Eng.* 748.

The *scire facias* recited the recovery of the original judgment by the trustees of the bank, under the deed of assignment, the death of Norris, and the grant of letters of administration to Brearly, upon his estate, the removal of the trustees, and the appointment of Peay, as receiver, etc., and prayed the revival of the judgment in his name against Brearly, as administrator, etc. The writ was in good form, and the proceeding by *scire facias* was the legal mode of reviving the judgment in the name of Peay, against the administrator of Norris, the original defendant. 2 *Tidd*, 1114–5, 1118; *Dig. ch.* 68, *sec.* 19, 20; *Ib ch.* 96, *sec.* 14, 15.

Brearly also pleaded *nul tiel record*, and upon the trial of the issue to the plea, objected generally to the introduction of the transcript of the record of the judgment, offered in evidence by the plaintiff. No valid objection to the transcript has been pointed out, and none is perceived.

He also pleaded payment, but upon the trial offered no evidence of payment. His counsel here relies upon the presumption of payment from lapse of time.

The original judgment was recovered 18th March, 1846, and the *scire facias* was sued out 2d of December, 1857.

By the act of 14th December, 1844, fixing the period of limi-

tation to actions upon judgments at ten years (*Gould's Dig. ch.* 106, *sec.* 15,) the 30th section of chapter 91, of the *Revised Statutes*, which declares that judgments, etc., thereafter rendered, should be presumed to be paid after the expiration of ten years, etc., was expressly repealed. *Sec.* 35 *of ch.* 106, *of Gould's Dig.*, which is the same as *sec.* 29, *ch.* 91, *Rev. Stat.*, applies to judgments rendered prior to March 5th, 1838. *Woodruff vs. Sanders ad.* 15 *Ark.* 143; *Rector et al. vs. Morehouse*, 17 *ib.* 131.

By the common law, the presumption of payment of a judgment does not arise until after the lapse of twenty years from the date of the judgment. *Ringgold vs. Randolph*, 16 *Ark.* 213.

The judgment now in question had been rendered less than twelve years at the time the *scire facias* was sued out. Moreover, upon the trial of the plea of payment, the plaintiff proved that the judgment had been revived in September, 1852.

There was also a very informal plea alleging that the judgment had been assigned to Mrs. Norris, that she had procured an allowance of it in the Probate Court, and that the administrator had appealed from the judgment of allowance, and the appeal was pending, etc.

No notice appears to have been taken of this plea, and it is insisted, by the counsel for Brearly, that the judgment should be reversed, because the plea remained undisposed of. Had the plea presented a good defence to the scire facias, the failure to dispose of it might have been ground of reversal, but the judgment should not be reversed, and the cause remanded merely to get rid of a bad plea.

We have held in the case of *Brearly ad. vs. Norris*, that the judgment as presented to the Probate Court for allowance, was barred by the statute of limitations. But a *scire facias* to revive a judgment being but a continuation of the original suit, is not subject to the plea of the statute of limitations. *Brown, Robb & Co., vs. Byrd*, 5 *Eng.* 533; *Waylard vs. Coulter*, 6 *ib.* 480; *Evans vs. White, et al.* 7 *ib.* 133.

A party may pursue concurrent remedies, and it is safest to

do so in many cases, as it has proven in this, but there can be but one satisfaction.

This case is unlike the case of *Dooley et al. vs. Watkins*, 5 *Ark.* 704, where the claim was presented to the Probate Court for allowance, and there was an adjudication upon the merits of the claim, and afterwards an action was brought upon the same claim in the Circuit Court, and it was held that the recovery in the Probate Court was a bar to the action.

The judgment must be affirmed.

Absent, Mr. Justice FAIRCHILD.