THE CITY OF ST. LOUIS, *Appellant,* v. LANE *et al.*

Division One, May 23, 1892.

1. **St. Louis:** CHARTER: ORDINANCE: OPENING ALLEY: BENEFITS. Where an ordinance establishes an alley in continuation of an older one (which extended partly through a city block), all the owners of property abutting on the completed alley "in said block" are liable to assessment for "benefits" under the charter of St. Louis, declaring "that in the opening of an alley the benefits shall be paid by the owners of property in said block, abutting on the proposed alley."

2. **Laws, Construction of.** Laws should be so construed as to give their intent paramount effect.

3. ————. All the words of a statute should have effect rather than that any part should be held meaningless.

4. ———. It is always proper to resolve an ambiguity in a law in favor of a reasonable and equitable effect thereof.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

THIS is a condemnation proceeding, the chief feature of which is to establish a special assessment for "benefits" against defendant's lot, on account of the opening of an alley in the city of St. Louis. The validity of the assessment is questioned by this appeal, as it was in the circuit court.

The accompanying map of city block 1959 will facilitate an understanding of the exact point involved.

The facts of the case were agreed upon by counsel before the trial.

In 1879, under an appropriate municipal ordinance, so much of the alley starting from Grand avenue, in block 1959, as lies east of the dotted line in the accompanying map, was improved, at the expense of the property abutting on that part of the alley. It had been duly dedicated, in 1868, to public use as an alley as far as the "old city limits." The dotted line indicates the so-called "old limits" of St. Louis, or western boundary at the time of the adoption of the present city charter in 1876. In 1885 an ordinance was passed by the municipality to open and establish an alley as an extension of the old one in that block from the old limits westward to Cabanne street. In due course commissioners were appointed to assess damages sustained by the appropriation of the land necessarily taken for the new alley, west of the old one, and also to assess the benefits of the proposed new alley against the property chargeable therewith. These commission-

The City of St. Louis v. Lane.

ers assessed benefits against the lot marked on the map as "A," formerly the property of Mr. Enoch Price, to whom the defendant, Mrs. Lane, is successor in title.   It is this assessment which forms the subject-matter of the litigation.

The trial court gave judgment for defendant on the agreed case, and plaintiff appealed in proper form.

The other facts are stated in the opinion of the court.

*W. C. Marshall* for appellant.

*Boyle & Adams* for respondents.

BARCLAY, J.—The contention of the defendant's counsel is that her property is not subject to assessment for benefits, on the admitted facts, under the charter of the city of St. Louis.   The provisions of the latter which bear directly on this controversy declare it the duty of commissioners, in such proceedings, to assess the balance of the cost of such improvements (above the amount to be paid by the city) "against the owner or owners of all property which shall be especially benefited by the proposed improvement in the opinion of the commissioners, to the amount that each lot of said owner shall be benefited by the improvement:   *   *   *   *provided, however*, that in the opening of an alley the benefits shall be paid by the owners of property in said block abutting on the proposed alley."

The meaning of the last clause constitutes the point of difference on this appeal.   Unfortunately the proviso is not couched in terms absolutely clear; but our duty is to declare its legal import, as best we may, with the aid of known rules of construction.

The cardinal feature of interpretation of laws is to unfold the true intent of the law-giver from the text in which he has endeavored to express it. Attempting this we note that a very limited "benefit district" is established with respect of alleys, whereas no such limitation is fixed in case of the opening of a street. This difference in the reach of these districts is made, no doubt, because of the difference in utility, to adjacent proprietors, between a street and an alley. The latter is of direct convenience and advantage to but few compared with the former. These few are mainly those whose property abuts upon it. Hence, this restriction of the field for assessment of benefits in alley openings. The precise extent of that restriction is the issue now.

The reading for which defendant contends would be perfectly apparent if we eliminated the words, "in said block," from the proviso, for property in another block could not possibly abut "on the proposed alley;" but if those words, "in said block," are to stand, and to be given some significance, we think they must be taken to imply an intention to subject all property in the block, abutting on the completed alley, to a charge for benefits for opening the same. The familiar rule, that all the words of a law must have effect rather than that part should perish by construction, is fairly applicable.

When an alley is made through half a city block and, afterwards, under another ordinance, it is prolonged throughout the other half, does the finished result, in contemplation of this charter, constitute two alleys or one? Is not the latter work to be regarded merely as an extension of the alley in ascertaining the benefits to owners of property abutting on the completed alley "in said block?" All such property-owners in the block are obviously benefited in some degree by

having the alley extended so as to afford access to two neighboring streets instead of one. To give those whose property abuts on the part first opened the benefit of the passage way through the whole block, in consideration of payment for the first section only, seems inequitable and unjust; and it is always proper to resolve ambiguities of language, when possible, in favor of a reasonable and equitable effect.

Requiring the abutters on the old alley to participate in the opening of the new portion would not place them in a worse position than if the alley through the whole block had been opened as an entirety.

Just here we meet the defendant's suggestion that, as the abutters on the new portion did not contribute to the opening of the old, it would be unjust to require the abutters on the latter to bear part of the cost of the new. The answer to this is that the commissioners are required to ascertain and assess the "amount that each lot of said owner shall be benefited by the improvement," and, in so doing, it is their duty to consider the existing means of access to each lot in determining the benefits conferred upon it by the proposed extension of the alley to the next street. If that assessment is fairly and accurately made, the result of the final opening of the alley will not differ substantially from that which would be reached if it were opened from street to street under a single ordinance.

We understand the meaning of the charter to be that, in establishing an alley, the "benefit district" shall be coextensive with the limits of the property, abutting on that alley, throughout the block.

Whatever uncertainty the language now under consideration has arises, we believe, from the fact that the one who shaped it had, probably, in mind only proceedings to open an alley through an entire

block under one ordinance, which is the usual and ordinary method pursued in making such improvements. The state of facts presented in the case at bar is rare and exceptional.

Applying the principles of rational interpretation to the language used, it seems just to extend its meaning to embrace and effectuate the plain intent designed to be expressed, and to give effect to that intent as applied to the facts of the present controversy. Rutherforth's Institutes [2 Am. Ed.] p. 421.

The conclusion we announce seems to us the only proper one to conform to the spirit and purpose of the law under review.

The judgment should be reversed, and the cause remanded with directions to enter judgment for plaintiff, upon the agreed case, in conformity with the views herein expressed. It is so ordered. All the members of this division concur.