Davenport v. The City of Hannibal.

---

DAVENPORT, *Plaintiff in Error*, v. THE CITY OF
HANNIBAL.

Division Two, February 13, 1894.

1. **Appellate Practice**: WRIT OF ERROR: MARRIED WOMAN. A married
woman can not sue out a writ of error more than three years after
the rendition of the judgment.

2. **Statute, Construction of**: EXCEPTION. An exception of a class
expressly mentioned in a statute can not be enlarged by the courts.

*Appeal from Hannibal Court of Common Pleas.*—HON.
T. H. BACON, Judge.

WRIT DISMISSED.

*R. E. Anderson* and *Harrison & Mahan* for plain-
tiff in error.

*Dick Biggs* and *D. H. Eby* for defendant in error.

SHERWOOD, J.—Action for damage brought by a married woman and her husband. Judgment for defendant January 18, 1888. They sued out a writ of error and case was taken to this court in December, 1889. In January, 1892, this writ was dismissed, because no notice was served on the adverse party, as required by statute. 110 Mo. 574.

The present writ of error was sued out by plaintiff, in her own name *alone*, on the fourteenth day of July, 1892.

A motion has been made by defendant in error to dismiss the writ in this case, because it was not issued within three years after the rendition of judgment.

Our statute on the subject of suing out such writs is the following: "All writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within three years after the rendering of such judgment or decision, and not thereafter; but persons within the age of twenty-one years shall be allowed to bring their writs of error in civil cases within three years after such disability is removed." R. S. 1889, sec. 2275.

This statute by its express terms only makes exception of one class of persons, to wit, those "within the age of twenty-one years." The words of this section are general, and courts can not *write* other exceptions into the statute. This has always been the rule of law. *Prideaux v. Webber*, 1 Levinz, 31; *Richardson v. Harrison*, 36 Mo. 96, and cases cited; *Fairbanks v. Long*, 91 Mo. 628. Where the statute uses general words, then such general words are to receive a general construction, and the effect of them is not to be limited unless by express words in the statute itself. Buswell on Limit. & Ad. Poss., sec. 104.

This statute is a special statute of limitations, and

is wholly separate and apart from the general statute of limitations in regard to bringing ordinary civil actions, to which we have been cited.

In addition to the foregoing observations, section 6791 of the general statutes of limitations provides that "The provisions of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." So that, should we be inclined to favor the view presented by plaintiff in error, and thus bring section 2275, *supra*, into "*hotch pot*" with the sections of the general statutes of limitations, we would be debarred from so doing by section 6791, which amounts to "an exclusion of a conclusion." We, therefore, dismiss the writ of error. All concur.