## KNOX COUNTY v. MORTON.

(Circuit Court of Appeals, Eighth Circuit. June 17, 1895.)

No. 603.

COUNTY WARRANTS—LIMITATION—MISSOURI STATUTE.

> Rev. St. Mo. 1889, § 3195, providing that county warrants not presented for payment within five years of their date, or, being presented within that time, and protested for want of funds, and not presented again within five years after funds are set apart for payment thereof, shall be barred, prescribes a special limitation for actions on such warrants, within section 6791, providing that the limitation of 10 years prescribed by section 6774 for action on any writing for the payment of money shall not extend to any action which shall be otherwise limited by any statute.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

This was an action by William H. Morton against Knox county upon a county warrant. The defendant, in its answer, set up the general statute of limitations. The circuit court sustained a demurrer to this defense. 65 Fed. 369. Defendant brings error.

Knox county, in the state of Missouri, the plaintiff in error, sued out this writ to reverse a judgment against it upon a county warrant. In his complaint in this action, William H. Morton, the defendant in error, alleged that on August 9, 1879, the county issued to him the warrant in suit on account of certain judgments he had obtained against the county; that on August 12, 1879, on December 26, 1888, on January 6, 1892, and on October 9, 1894, he presented this warrant to the county treasurer of Knox county, and demanded its payment; that on each occasion payment was refused by the county treasurer, and the warrant was protested by the treasurer for want

of funds to pay it, and that there never were any funds of the county set apart for, or applicable to, the payment of this warrant prior to January 1, 1892. He made the jurisdictional and the other necessary allegations in his complaint to entitle him to judgment if the defense of the statute of limitations, pleaded in the answer, cannot be sustained. The county, in its answer, pleaded for its fourth defense that the cause of action was barred by the general statute of limitations of 10 years found in section 6774 of the Revised Statutes of Missouri of 1889; and, for its sixth defense, that it was barred by the special statute of limitations found in section 3195 of the Revised Statutes of Missouri of 1889. The defendant in error demurred to these defenses, and his demurrer was sustained. In this court the county has waived the sixth defense, but insists that the court erred in sustaining the demurrer to the fourth.

Charles D. Stewart, for plaintiff in error.

W. C. Hollister and F. L. Schofield filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Is the time within which an action may be maintained upon a county warrant issued by a county in the state of Missouri limited by section 6774 or by section 3195 of the Revised Statutes of Missouri of 1889? This is the only question that requires consideration in this case. Section 6774 is a part of the general statute of limitations of the state of Missouri, and is found in chapter 103 of the revision of 1889, which is entitled "Limitations of Actions." The provisions of that chapter that are material to the decision of this question are:

"Sec. 6773. Period of Limitation Prescribed.—Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued.

"Sec. 6774. What Actions shall be Commenced within Ten Years.—Within ten years: First, an action upon any writing, whether sealed or unsealed, for the payment of money or property; * * * third, actions for relief, not herein otherwise provided for."

"Sec. 6791. Actions Otherwise Limited.—The provisions of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

Section 3195 is a part of chapter 45 of the revision of 1889, which is entitled "Counties," and it is found under article 4 of that chapter, which is entitled "County Treasurers and County Warrants." The provisions of this section that are pertinent to the question at issue are as follows:

"Sec. 3195. When Canceled—Barred by Lapse of Time, When. * * * And whenever any such warrant, being delivered, shall not be presented to the county treasurer for payment within five years after the date thereof, or, being presented within that time and protested for want of funds to pay it, shall not be again presented for payment within five years after funds shall have been set apart for the payment thereof, such warrant shall be barred and shall not be paid, nor shall it be received in payment of any taxes or other dues."

The legal effect of the provisions of chapter 103 is to limit the time within which actions can be maintained upon writings for the pay-

ment of money to 10 years, except in cases in which the time for the maintenance of such actions is limited by some other statute; and they expressly provide that in the latter cases the actions shall be brought within the time limited by such statute. The legal effect of section 3195 is to limit the time within which an action can be maintained upon a county warrant to five years after the date thereof, when it is not presented and protested within that time, and in the latter case to five years after funds have been set apart for the payment thereof, unless it is again presented. Attempted judicial construction of the unequivocal language of a statute serves only to create doubt and to confuse the judgment. Where the meaning of statutes is plain and clear on their face, arguments drawn from the history of the legislation and the possible motives or purposes of legislators are entitled to very little consideration. They often serve rather to obscure than to elucidate the meaning of the laws, and, where the signification of the language is certain, the legislature must ordinarily be presumed to have meant what they have expressed. It is only when the terms of the statute are ambiguous, or their signification is doubtful, that the history of the laws and the probable purpose of the legislators can aid in their construction. The statutes we have quoted have been in force in the state of Missouri from a time anterior to the issue of the warrant in question, and their language seems to us so certain, and its signification so plain, that we are compelled to refuse to follow counsel for plaintiff in error into the consideration of matters that are not disclosed by their terms. There is no safer or better settled canon for the interpretation of a statute than that, when its language is plain and unambiguous, it should be held to mean what it plainly expresses, and no room is left for construction. U. S. v. Fisher, 2 Cranch, 358, 399; Railway Co. v. Phelps, 137 U. S. 528, 536, 11 Sup. Ct. 168; Bedsworth v. Bowman, 104 Mo. 44, 49, 15 S. W. 990; Warren v. Paving Co., 115 Mo. 572, 576, 22 S. W. 490; Davenport v. City of Hannibal, 120 Mo. 150, 25 S. W. 364.

In his discussion of the language of these statutes, counsel for the plaintiff in error insists that actions upon county warrants cannot be limited by section 3195, because the effect of such a holding would be to repeal by implication the limitation of 10 years, prescribed by chapter 103. But section 6791 expressly provides that the limitation of 10 years prescribed by section 6774 of that chapter shall not extend to any action limited by any other statute, but that in such a case the limitation prescribed by the latter statute shall govern. Actions upon county warrants have been expressly limited by another statute, which is embodied in section 3195. A decision that actions upon county warrants are limited and governed by the latter statute is not a holding that any of the provisions of sections 6774 and 6791 have been repealed by implication. It is a decision that all of their provisions are in force, and that they must be applied. On the other hand, a decision that actions upon county warrants are not limited by section 3195 is, in effect, a repeal by judicial construction of both section 3195, the statute which limits the action, and section 6791, the statute which provides that in such cases the

actions shall not be limited by the provisions of chapter 103, but shall be governed by the special statute that prescribes their limitation. It is argued that section 3195 does not limit actions upon county warrants, because chapter 103 provides that "civil actions can only be commenced within the periods prescribed in the following sections," while section 3195 has no provision about the commencement of actions upon county warrants, but simply declares that warrants "shall be barred" at the expiration of the periods it specifies. This contention sticks in the words of these statutes, and ignores their legal effect. It goes without saying that the provision that "civil actions can only be commenced within the periods prescribed in the following sections" does not prevent the commencement of actions after those periods have passed; nor does it prevent the prosecution of such actions to judgment, if the defendants fail to interpose by demurrer or answer their pleas of the statute of limitations. When such pleas are interposed, and then only, the statute takes effect, and bars the actions by the lapse of time. The legal effect of this provision, then, is, not to prevent the commencement of actions after the time limited has expired, but to bar their successful maintenance if the defendants properly interpose their pleas of the statute. The provision in section 3195 that the warrant shall be barred has exactly the same legal effect upon actions commenced upon these warrants after the times there limited have expired. It prevents the successful maintenance of the actions if the lapse of time is properly pleaded. It bars a recovery in that event, and this is the effect, and the only effect, of the limitations in chapter 103. If one of these statutes limits actions, the other does, for each permits the commencement of actions after the times limited, and bars recovery in them upon proper pleas of the lapse of time and then only.

It is contended that the provision of section 3195 that after the lapse of time there fixed "such warrant shall be barred, and shall not be paid, nor shall it be received in payment of any taxes or other dues," is a mere direction for the guidance of the county officers, and is in no sense a limitation of the action upon the warrant. It may be conceded that the declaration that it "shall not be paid" was made for the guidance of the county treasurer, and that the direction that it shall not be received in payment of taxes or other dues was intended to define the duty of the collector of the revenue. But what shall be said of the positive enactment that "such warrant shall be barred"? That declaration in no way defined or affected the acts or the duties of the county officers. It was not their province to determine whether or not a county warrant was barred, and there was but one place where that declaration could have any effect, and that was in a court of justice, after an action had been commenced upon the warrant. "The familiar rule that all the words of a law must have effect rather than that part should perish by construction" (City of St. Louis v. Lane, 110 Mo. 254, 258, 19 S. W. 533) forbids the rejection or disregard of this declaration, and if it is not disregarded it is a plain statute of limitations. An act of the legislature which makes the lapse of time a complete bar to an action or to a cause of action has all the essential features of a statute of limita-

tions. Mr. Wood, in his work on Limitations, declares that "statutes which destroy a remedy or a right unless enforced within a certain specified period are statutes of limitation." Wood, Lim. § 1. The legislature of the state of Missouri selected and used in section 3195 the most expressive and effective word in the English language to effect a limitation upon an action. They declared that the warrant should be "barred" after the lapse of time there specified. "Barred" is the word in general use to characterize the effect of a statute of limitations. An action or a cause of action is commonly said to be "barred" by such a statute. Counsel for the plaintiff in error, in his answer in this case, pleads that "this action is barred by the statute of limitations of ten years." In section 65, c. 1, Rev. St. Mo. 1889, the legislature of that state declared that certain demands not presented within one year "shall be forever barred against the partnership effects administered." In section 86 of the same chapter they declare that, if certain claims be not exhibited within two years after the publication of notice of letters of administration, "they shall be forever barred." In sections 4558, 6770, 6771, and 6799 of their Revised Statutes of 1889 they have used this word in the same sense, and in section 3195 they declare that, if five years shall elapse after the date of the county warrant without action or presentation, or if, after due presentation, five years shall elapse after funds are set apart to pay the warrant without action or presentation, the warrant shall be barred. The conclusion is irresistibly forced upon our minds by this unequivocal declaration of the statute that actions upon county warrants were limited by this section, and hence that by the express provision of section 6791 they were not limited by section 6774. The judgment below must be affirmed, with costs, and it is so ordered.