### NATIONAL BANK OF COMMERCE v. RIETHMANN et al.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

#### No. 828.

STATUTES—RETROACTIVE OPERATION—ATTACHMENT.

The Colorado act of 1887 amending the statute relative to attachments by dropping out one of the grounds of attachment, does not have a retroactive operation, so as to affect pending attachments.

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action at law brought by the National Bank of Commerce of Kansas City, Mo., against John J. Riethmann, George W. Riethmann, and Napoleon Wagner upon a promissory note, in which an attachment was issued. The court sustained a motion by defendants to quash the attachment, and plaintiff brought this writ of error.

This action was begun in October, 1894. The Colorado statute relative to attachments (Sess. Laws Colo. 1887, p. 121, §§ 91, 92) provided that upon issuing the summons or filing the complaint in an action on contract, or at any time afterwards before judgment, a writ of attachment against the unexempt property of the defendant might issue, upon filing in the office of the clerk of the court an affidavit of the plaintiff, his agent or attorney, or some creditable person for him, setting forth that the defendant is indebted to such plaintiff, stating the nature and amount of the indebtedness, as near as may be, and alleging one or more of the several enumerated causes for attachment. one of which causes was as follows: "Thirteenth. That the action is brought upon an overdue promissory note, bill of exchange, or other written instrument for the direct and unconditional payment of money only, or upon an overdue book account." After the filing of the complaint, and upon the filing in the office of the clerk of the court of an affidavit for attachment conforming to all the requirements of said statute, and alleging as cause for the attachment that the promissory note of the defendants upon which the action was founded, and which was also described in said affidavit, was overdue from a date prior to the filing of the complaint, a writ of attachment in due form in said action was on October 25, 1894, duly issued, under the seal of the United States circuit court for the district of Colorado, wherein said action was pending, directed to the marshal of said district, and that said marshal on the same day, in obedience to and by virtue of said writ, duly attached and levied upon property, real and personal, of one of the defendants in said action. Afterwards the legislature of Colorado, by an act approved April 8, 1895, and which took effect July 6, 1895 (Sess. Laws Colo. 1895, p. 143), purporting to amend the aforesaid act of 1887 "so as to read as follows," re-enacted the said act of 1887 verbatim, except that the thir-

teenth subdivision of section 92, above quoted, was wholly omitted from and left out of said act of 1895. Afterwards, on the 18th day of January, 1896, a petition was addressed to said United States circuit court by the defendants below asking the court to vacate, quash, and set aside the said attachment, upon the ground that the action was upon an overdue promissory note, and that by virtue of said act of 1895 the provision allowing an attachment to issue on an overdue promissory note was repealed. Thereupon the court adjudged that, as the statute upon which the writ was issued had been repealed, the said writ was thereby abated and obsolete.

Elijah Robinson (W. W. Anderson with him on brief), for plaintiff in error.

George P. Steele (Charles Hartzell with him on brief), for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and LOCHREN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

1. An attachment is an ancillary remedy provided by statute, by means of which a contingent lien is obtained and impressed upon property of a defendant, which becomes vested and perfected on entry of judgment and levy of execution. Being a remedy provided by statute, and resting on the statute alone, an unconditional repeal of the statute before judgment, and while the lien still remains contingent, destroys the lien. But such lien, though pertaining to the remedy given by statute, is a substantial and valuable security, and, upon a repeal of the statute, would be preserved and continued by a saving clause excepting pending attachments from the effect of the repealing statute.

2. The act of 1895 did not abolish the remedy by attachment, nor purport to affect the lien, or the validity of attachments theretofore lawfully issued and then existing. It simply, and as to the future, dropped out of the statute one of the causes for issuing the writ; so that, after the act went into effect, that ceased to be a ground upon which an issuance of such writ could be claimed. The act did not provide that writs lawfully issued upon that ground, while it was a lawful ground for attachment, should abate, or that acts done under such writs should be held void, or that liens obtained under them should lapse. Full effect is given to the statute by allowing to it prospective operation. The existing writ in this case, and the lien of such writ, were not affected by any of the terms of the statute. The stated cause upon which it was issued, valid at the time, and effectual then to obtain a valid writ, was a thing of the past, which had served its purpose at the proper time, and was no longer material, except to show that the writ was, when issued, lawfully issued.

3. But while we think it clear that it was not intended by the legislature that this act of 1895 should have a retroactive operation, and affect attachments then outstanding, and that the act will not bear that construction, the constitution of Colorado, by section 11 of the bill of rights, ordaining that no law retrospective in its oper-

ation shall be passed, is conclusive. The supreme court of Colorado in Railway Co. v. Woodward, 4 Colo. 162, and in Lundin v. Railway Co., Id. 433, holds that section 11 of the bill of rights operates as a saving clause in repealing statutes. The subject is carefully examined in the first of these cases, and in the other it is applied to a case where the right derived from the repealed statute had not become fixed and established by judgment. The judgment that the writ of attachment is abated is reversed, and the cause is remanded for further proceedings.