## WRIGHTMAN v. BOONE COUNTY.

### (Circuit Court of Appeals, Eighth Circuit. June 27, 1898.)

### No. 1,038.

1. CONSTRUCTION OF STATUTES—RETROSPECTIVE LEGISLATION.
   A statute is not to be given a retrospective effect unless it clearly and unequivocally appears that such was the legislative intent.

2. LIMITATION OF ACTIONS—REVIVOR OF JUDGMENT—RETROSPECTIVE LEGISLATION.
   Act Ark. April 8, 1891, providing that no scire facias to revive a judgment "shall be issued but within ten years from the date of the rendition of the judgment," and that the act should take effect one year from its date, was intended to have a retrospective operation.

3. CIRCUIT COURTS OF APPEAL—JURISDICTION—CONSTITUTIONAL QUESTIONS.
   Under Act March 3, 1891, §§ 5, 6, a circuit court of appeals has no jurisdiction of a case in which the question is whether a state statute is void because it contravenes the constitution of the United States.

4. SAME.
   If it is claimed that a law of a state is void because it contravenes the constitution of the United States, a circuit court of appeals has no jurisdiction of the case, although it may involve the consideration of many other questions.

In Error to the Circuit Court of the United States for the Western District of Arkansas.

O. W. Watkins, for plaintiff in error.

Joseph M. Hill and James Brizzolara, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. On April 6, 1897, George W. Wrightman, the plaintiff in error, sued out a writ of scire facias to revive a judgment which he had recovered in the court below on May 13, 1880, against Boone county, in the state of Arkansas, the defendant in error. The county answered, among other things, that the scire facias was not issued until after more than 10 years had elapsed from the rendition of the judgment, that the judgment had never been revived, that more than 10 years had elapsed since the last payment was made thereon, and that the action was barred by the statute of limitations. Upon a demurrer, and at the close of the trial, the court below sustained this defense, and rendered a judgment against the plaintiff. Its ruling is based upon this state of the law: On and prior to April 8, 1891, the owner of a judgment in the state of Arkansas had the right to a writ of scire facias to revive it at any time within 20 years after its rendition. Brearly v. Peay, 23 Ark. 172, 174; Crane v. Crane, 51 Ark. 287, 294, 11 S. W. 1. On that

day the legislature of the state of Arkansas passed, and the governor of that state approved, an act in these words: .

"Section 1. That no scire facias to revive a judgment shall be issued but within ten years from the date of the rendition of the judgment; or if the judgment shall have been aforetime revived then within ten years from the order of revivor.

"Sec. 2. This act shall take effect and be in force from and after one year from the date of its passage."

Acts Ark. 1891, p. 192 (Sand. & H. Dig. § 4208).

The court below held that this law was a bar to the prosecution of this action, and this ruling is challenged on the ground that, if this act was intended to have that effect, it was in violation of section 10 of article 1 of the constitution of the United States, that no state shall pass any law impairing the obligation of a contract. Of course, the question whether or not the act was intended to have a retrospective effect, whether or not it was intended to prevent the issue of writs of scire facias to revive judgments rendered before it was enacted, accompanies, and is presented with, the question of its constitutionality as it always is when a law is challenged under this clause of the constitution; but no other question of any importance is raised by the record before us. It is conceded that a construction which gives to a statute a retrospective effect should not be adopted unless it clearly and unequivocally appears that the legislature enacted it with the intention to cause that effect. End. Interp. St. § 271; Twenty Per Cent. Cases, 20 Wall. 179, 187; Shreve v. Cheesman, 32 U. S. App. 676, 689, 16 C. C. A. 413, 417, and 69 Fed. 785, 792; Bank v. Reithmann, 49 U. S. App. 144, 25 C. C. A. 101, and 79 Fed. 582; Jaedicke v. U. S., 29 C. C. A. 199, 85 Fed. 372, 375. An examination of the law in question, however, has left no doubt in our minds that the legislature of Arkansas intended that this act should affect judgments rendered before as well as those rendered after its passage. It provides that no scire facias shall issue to revive any judgment except within 10 years from its rendition. The legislature had the power to except from this broad prohibition judgments rendered before the enactment of the law, but it did not do so. The fact that it failed to make any exception raises a strong presumption that it intended to make none, and brings any exception that a court might be disposed to make into the forbidden category of judicial legislation. Madden v. Lancaster Co., 27 U. S. App. 528, 540, 12 C. C. A. 566, 573, and 65 Fed. 188, 195; Morgan v. City of Des Moines, 19 U. S. App. 593, 8 C. C. A. 569, and 60 Fed. 208; Paving Co. v. Ward, 55 U. S. App. 730, 741, 28 C. C. A. 667, and 85 Fed. 27, 35; McIver v. Ragan, 2 Wheat. 25, 29; Bank v. Dalton, 9 How. 522, 528; Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854. The second section of the act provides that it shall not take effect until one year after its passage. The plain purpose of this provision was to give the holders of judgments rendered 10 years or more before the passage of the act a reasonable time within which to revive their judgments before the law took effect. A construction that the act has no application to judgments rendered before its enactment would render this provision nugatory, and would fly in the teeth of the maxim

that "all the words of a law must have effect, rather than that part should perish by construction." City of St. Louis v. Lane, 110 Mo. 254, 258, 19 S. W. 533; Knox Co. v. Morton, 32 U. S. App. 513, 518, 15 C. C. A. 671, 675, and 68 Fed. 787, 790; Paving Co. v. Ward, 55 U. S. App. 730, 741, 28 C. C. A. 667, and 85 Fed. 27, 35. The result is that the real question in the case is whether or not this law of the state of Arkansas is void because it is in contravention of the constitution of the United States. But section 5 of the act of March 3, 1891 (26 Stat. 828, c. 517), declares that appeals may be taken to the supreme court "(6) in any case in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States." Section 6 provides that in cases other than those provided for in section 5 the circuit courts of appeals may exercise appellate jurisdiction unless otherwise provided by law. This is not a case other than those provided for in section 5, and consequently this court has no jurisdiction of it. A careful examination of these sections of the act of congress in Hastings v. Ames, 32 U. S. App. 485, 15 C. C. A. 628, and 68 Fed. 726, and in Pauley Jail Bldg. & Mfg. Co. v. Crawford Co., 28 C. C. A. 579, 84 Fed. 942, led us to the conclusion that, if it is claimed that a law of a state is void because it contravenes the constitution of the United States a circuit court of appeals has no jurisdiction of the case, although it may involve the consideration of many other questions. Upon the authority of these cases the writ of error in this case is dismissed for want of jurisdiction.