WEBBER v. ST. PAUL CITY RY. CO.

(Circuit Court of Appeals, Eighth Circuit. October 9, 1899.)

No. 1,122.

1. ACTION FOR PERSONAL INJURY—SURVIVAL—MINNESOTA STATUTE.
   Gen. St. Minn. 1894, § 5912, which provides that "a cause of action arising out of an injury to the person dies with the person of either party except as provided in the next section," applies to all causes of action, whether founded on contract or tort; and under it the personal representative of a person whose death was caused by an injury received while a passenger on a street railroad cannot maintain an action for breach of the contract for safe carriage, counting on the expense and loss of time caused the decedent prior to his death by the injury as the damages resulting from such breach, where the suit is not brought in accordance with the provisions of section 5913.

2. STATUTES—RULES OF CONSTRUCTION.
   When the language of a statute is unambiguous, and its meaning is clear, the legislature must be presumed to have meant what it expressed, and arguments by analogy or from history or attempted judicial construction cannot be resorted to for the purpose of placing a different construction upon it.

3. SURVIVAL OF ACTIONS—COMMON-LAW RULE.
   While, as a general proposition, in the absence of statutory provision, actions on contracts survive, and actions on torts abate, on the death of the injured party, the real test of survival is not the form, but the substance, of the cause of action; and the true rule is that if the primary cause of the damages sought to be recovered is the breach of a contract, and injuries to the person are mere incidents of the breach, the action survives; but if the proximate cause of the damages claimed is the personal injury, and the breach and the damages therefrom are merely incident to the injury, the action dies.

In Error to the Circuit Court of the United States for the District of Minnesota.

C. E. Joslin (J. F. George, on the brief), for plaintiff in error.
N. M. Thygeson (M. D. Munn, on the brief), for defendant in error.
Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.   This was an action brought on August 12, 1898, by the executor of the last will of John E. Webber, who died on March 27, 1895, from the effects of an injury which he received on November 1, 1893, while he was riding as a passenger on one of the cars of the defendant in error, to recover the expenses of his sickness and the amount of the loss of his earnings between the time of his injury and the time of his death.   The complaint counted upon the contract of transportation solely.   It was that the railway company made an agreement with the deceased to carry him safely; that it did not do so, but injured his back, head, and spine, and thereby destroyed his capacity to work and caused him to die; that between the time of his injury and the day of his death his injuries caused him to expend $4,000 for care, assistance, nursing, and medical attendance, and caused him to lose his earnings, which would have been $100 per month; and that the plaintiff in error was the executor of his will, and as such was entitled to recover these amounts from the defendant in error.   The contract was made, the injury was inflicted, and the action was brought in the state of Minnesota.   For more than 30 years prior to the commencement of the suit the statutes of that state contained these provisions:

"Section 1. A cause of action arising out of an injury to the person dies with the person of either party, except as provided in the next section. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former, and against the personal representatives of the latter.

"Sec. 2. When death is caused by the wrongful act or omission of any party, the personal representatives of the deceased may maintain an action, if he might have maintained an action, had he lived, for an injury caused by the same act or omission; but the action shall be commenced within two years after the act or omission, by which the death was caused; the damages thereon cannot exceed five thousand dollars, and the amount recovered is to be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportions as the personal property of the deceased person." Gen. St. Minn. 1866, p. 545, c. 77;  Gen. St. 1878, p. 825, c. 77.

In 1891 section 2 was amended by the addition of this clause:

"Provided that any demand for the support of the deceased and for funeral expenses, duly allowed by the probate court, shall be first deducted." Gen. St. 1894, §§ 5912, 5913.

Section 2 was again amended, in 1897, by the addition of this proviso:

"Provided, that if an action had been commenced by such deceased person during his lifetime for such injury which had not been finally determined, such action does not abate by the death of the plaintiff, but may be continued by the personal representatives of the deceased, for the benefit of the same persons and limited to the same amount of recovery as herein provided." Laws Minn. 1897, c. 261.

Under these statutes, the circuit court sustained a demurrer to the complaint, and dismissed the action, and this ruling is the only error assigned in this case.

The argument of counsel for the plaintiff in error, stated in the form of a syllogism, is:   An action on a contract does not abate by the death of a party.   This is an action on a contract.   Therefore this action did not abate, and the executor of the will of the deceased

may recover here. In support of this position he cites Bradshaw v. Railway Co., L. R. 10 C. P. 189; Leggott v. Railway Co., 1 Q. B. Div. 599; Broom, Leg. Max. pp. 907–909; 5 Am. & Eng. Enc. Law, p. 132; and various other text-books. None of the authorities which he cites, however, construe or treat of the statutes of Minnesota, or laws identical with them; and a careful examination of these text-books and decisions has failed to convince us that the conclusion of the counsel for the plaintiff in error can be successfully sustained, in view of the positive provisions of the Minnesota statutes. The legislature of that state was not limited in its power to a declaration that actions on contracts should survive, and that actions in tort should abate, on the death of the complainant; and the statute demonstrates the fact that it was not the purpose of the legislature to make that enactment, because it expressly provided in the last clause of section 1 that all other causes of action not mentioned in the first clause, whether arising on contract or not, should survive. The legislature had the undoubted right and authority to enact that some or all actions on contracts should abate, and that some or all actions in tort should survive. It had the right to establish for itself the test of abatement and survival, and by that test all actions within the limits of the state of Minnesota, whether brought in the state or federal courts, must be tried. Henshaw v. Miller, 17 How. 212; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 692, 14 Sup. Ct. 533. It exercised this power, and provided that "a cause of action arising out of an injury to the person dies with the person of either party, except as provided in the next section." We may lay aside the exception in this case, for the cause of action here in question is not of the character prescribed, nor was it brought within the time limited by the next section. The declaration then reads, "A cause of action arising out of an injury to the person dies with the person of either party." The only question remaining is, did this cause of action arise out of an injury to the person? This is answered by another question: Would it have arisen had there been no injury to the person? And the unavoidable answer to that question is that it would not. It is for loss of earnings, and for the expense of care, nursing, and medical attendance, caused by the personal injury. If the injury had not been inflicted upon the person, the loss of earnings would not have been sustained; and the expenses of the care, nursing, and medical attendance would not have been incurred even if the contract of transportation had been entirely broken,—even if the company had failed to carry the deceased an inch. It is no answer to this proposition to say that the personal injury was a breach of the contract, because the statute permits the survival of those causes of action only which did not arise out of a personal injury, whether or not the injury violated a contract. A finding that the cause of action did not arise out of the personal injury is indispensable to an escape from the provision of this section, and it cannot be truthfully said that this cause of action did not so arise. There is nothing in the statute to the effect that a cause of action ex contractu arising out of an injury to the person shall survive, while such a cause ex delicto shall abate. In order to sustain the contention of counsel for the plaintiff in error, it

is necessary to ingraft a sweeping exception upon the act of the legislature, so that it will read: "A cause of action arising out of an injury to the person dies with the person, except in cases in which the injury was the breach of a contract." It is very probable that such an exception would be much more comprehensive than the rule. However that may be, it is not the province of a court to make it. When the legislature has lawfully established a rule which limits the time or manner of maintaining a class of actions, and has made no exception to that rule, the conclusive presumption is that it intended to make none, and the courts have no power to do so. Madden v. Lancaster Co., 27 U. S. App. 528, 539, 12 C. C. A. 566, 573, and 65 Fed. 188, 195; McIver v. Hagan, 2 Wheat. 25, 29; Bank of State of Alabama v. Dalton, 9 How. 522, 528; Vance v. Vance, 108 U. S. 514, 521, 2 Sup. Ct. 854.

If doubts could arise whether or not the legislature intended what the plain words of section 1 express, when it enacted this statute, they would be dispelled by the reason of the rule, and by the subsequent legislative and judicial construction which the enactment has received. Section 1 declared that every cause of action arising out of a personal injury should die with the person, except as provided by section 2. Section 2 provided that when death was caused by the wrongful act or omission of a party the personal representatives of the deceased might maintain an action for the injury, if the deceased could have done so, and that the damages recovered should be distributed to the widow and next of kin in the same proportions as the personal property of the deceased was distributed. It is not probable that the legislature intended to provide by this statute for the survival of two actions for a personal injury which resulted in death,—one under section 1 for the diminution of the estate of the deceased between the time of his injury and his death, and another under section 2 for the pecuniary loss to his widow and next of kin. And yet this is the inevitable result of the construction for which counsel for the plaintiff in error contend. It is more reasonable, more in accord with that recognized public policy which deprecates a multiplicity of suits, and more in consonance with the express terms of the statute, to believe that it was the purpose of the legislature to provide for a single action, in which all recoverable damages resulting from the injury and the death should be assessed and adjudicated, and to abate all others, in favor of the deceased or of his legal representatives, which might arise out of the injury or the death. The subsequent legislation, and the effect given to it by the supreme court of Minnesota, lend strong support to this view. In 1891 the legislature provided that there should be deducted from the damages recovered by the widow and next of kin under section 2, before their distribution to them, any demands for the support of the deceased and funeral expenses. This was, in effect, a legislative declaration that the personal representatives could recover under section 2 the amount of the expense incurred for care, nursing, and medical attendance while the deceased was suffering from the injury which caused his death, and the supreme court of the state so interpreted the amended statute. Sykora v. Machine Co., 59 Minn. 130, 134, 60 N. W. 1008. If the

personal representatives could recover for these expenses under section 2, they surely could not also recover for them under section 1, which expressly abates all causes of action arising out of the personal injury, except as provided under section 2. They could not recover twice,—once under the rule and again under the exception. Again, in 1897, the legislature amended this statute by adding to section 2 a proviso to the effect that, if the person injured had commenced an action for the injury in his lifetime, that action should not abate on his death, but should be continued by his personal representatives for the benefit of the same persons, and should be limited to the same amount prescribed by that section. Laws Minn. 1897, c. 261. It cannot be that the lawmaking power intended by its enactments upon this subject to provide that a cause of action arising out of a personal injury causing death, not prosecuted for the benefit of the persons, nor limited to the amount provided by section 2, should survive to the personal representatives of the deceased if the injured person had not commenced an action before he died, and should abate if he had. That, however, would be the result if the contention of the counsel for the plaintiff in error was sustained. The plain reading of the statute, the subsequent amendments to it, and the judicial interpretation given to it by the supreme court of the state all point to the same conclusion, and leave no doubt that under it every cause of action in favor of the injured person or his personal representatives arising out of an injury to the person dies with the person, except those which are brought or maintained in strict accord with the provisions of section 2. Our conclusion is that under the statutes of Minnesota a cause of action in favor of the injured person or his personal representatives, which arises out of a personal injury which caused the death of the person injured, abates with his death, unless it conforms to the provisions of section 5913 of the General Statutes of Minnesota of 1894, as amended by section 2 of chapter 261 of the Laws of Minnesota of 1897.

Counsel for the respective parties to this action have presented a careful and exhaustive review of the decisions of the English and American courts upon the rule of the common law that a personal action dies with the person. But the statute of Minnesota is so plain and positive in its terms that we do not feel at liberty to disregard, evade, or explain it away, and we must decline to follow them in this discussion. It would be a futile task, however interesting and agreeable, to trace the common-law rule through the decisions of the courts of various jurisdictions, to accurately state its limitations and exceptions, and to compare it with the local law of Minnesota. Whatever the result of such an investigation, that law must still prevail, and it is too plain to be construed away. When the language of a statute is unambiguous, and its meaning is clear, arguments by analogy or from history and attempted judicial construction serve only to create doubt and to confuse the judgment. They serve to obscure far more than to elucidate the meaning of the law. There is no safer or better canon of interpretation than that, when the terms of a statute are plain and its meaning is clear, the legislature must be presumed to have meant what it expressed, and there is no room for

construction. Knox County v. Morton, 32 U. S. App. 513, 516, 15
C. C. A. 671, 673, and 68 Fed. 787, 789; U. S. v. Fisher, 2 Cranch,
358, 399; Railway Co. v. Phelps, 137 U. S. 528, 536, 11 Sup. Ct. 168;
Bedsworth v. Bowman, 104 Mo. 44, 49, 15 S. W. 990; Warren v.
Paving Co., 115 Mo. 572, 576, 22 S. W. 490; Davenport v. City of
Hannibal, 120 Mo. 150, 25 S. W. 364. We remark, however, in closing
this discussion, that the statute of Minnesota is not unique, in that
it provides for the abatement of causes of action for personal in-
juries even when they constitute breaches of contracts. While it is
true, as a general proposition, that, in the absence of statutory regu-
lation, actions on contracts survive, and actions on torts abate, on
the death of the injured party, that is by no means an accurate or
complete statement of the common law upon this subject. The test
of survival is not the form, but the substance, of the cause of action.
An action for the breach of a promise of marriage does not survive,
although it is on the contract, and the breach occasions pecuniary
loss, because the chief damage, the substance of the cause of action,
is disappointed hope, which is an injury to the person, and the pe-
cuniary loss is merely incidental thereto. Stebbins v. Palmer, 1 Pick.
71; Lattimore v. Simmons, 13 Serg. & R. 183; Wade v. Kalbfleisch,
58 N. Y. 282, 286. For the same reason a cause of action against
a physician or surgeon for incidental expenses caused to a patient by
his want of skill and care abates with his death. Vittum v. Gilman,
48 N. H. 416; Jenkins v. French, 58 N. H. 532. In the absence of
statutes, the true rule is that if the primary and moving cause of the
damages sought is the breach of the agreement, and the injuries to
the person are mere incidents to that breach, the action survives, but
if the proximate moving cause of the damages claimed is the personal
injury, and the breach of the contract and the damages therefrom
are mere incidents to the injury, the cause of action dies. Jenkins
v. French, 58 N. H. 532; Schreiber v. Sharpless, 110 U. S. 76, 80, 3
Sup. Ct. 423; Martin's Adm'r v. Railroad Co., 151 U. S. 673, 692,
14 Sup. Ct. 533; Smith v. Sherman, 4 Cush. 408; Boor v. Lowrey, 103
Ind. 468, 3 N. E. 151; Feary v. Hamilton (Ind. Sup.) 39 N. E. 516, 517;
Payne's Appeal, 65 Conn. 397, 409, 32 Atl. 948; Wolf v. Wall, 40
Ohio St. 111; Vittum v. Gilman, 48 N. H. 419. The judgment below
is affirmed.