JESSE W. McCOLLUM, Defendant in Error, v. THOMAS T. ULEN et al., Plaintiffs in Error.

**St. Louis Court of Appeals, February 18, 1902.**

1. **Writ of Error:** STATUTE OF LIMITATIONS: STATUTORY CONSTRUCTION: JUDGMENT. The statute (section 837, Revised Statutes 1899) provides that "all writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within one year after the rendering of such judgment or decision, and not thereafter," and the only exceptions made by the statute are in favor of persons under twenty-one years of age and of judgments rendered prior to the act.

2. ———: ———: ———: APPEAL: EFFECT. And while an appeal is generally held to be a continuation of a case, it does not stop the execution of the judgment, unless the statutory appeal bond is given, nor destroy the judgment lien given by the statute; its validity is merely held in suspense pending the appeal. It continues to be a final judgment, and, if affirmed, dates from the term of court at which it was rendered.

Appeal from Mississippi Circuit Court.—*Hon. Henry C. Riley,* Judge.

WRIT DISMISSED.

No brief for plaintiff in error.

*N. A. Mozley* and *Louis F. Dinning* for defendants in error.

BLAND, P. J.—The final judgment in the cause, to reverse which the writ of error was sued out, was rendered.

McCollum v. Ulen.

April 6, 1900, and motion for a new trial was overruled on the seventh day of April, 1900, and the case was on the same day appealed to this court, where on the fourth day of March, 1901, the appeal was dismissed.

On the twentieth day of April, 1901, the writ of error was sued out from this court. Defendant in error moved the court to dismiss the writ on the ground that more than one year had elapsed from the date of the final judgment to the suing out of the writ of error.

Plaintiff in error contends, in opposition to this motion, that the appeal suspended the judgment for all purposes and the time in which he might sue out his writ of error should be reckoned from the date the appeal was dismissed by this court. The statute (sec. 837, R. S. 1899) provides that:

"All writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within one year after the rendering of such judgment or decision, and not thereafter."

The only exception made by the statute is in favor of persons under twenty-one years of age and of judgments rendered prior to the passage of the act. While an appeal is generally held to be a continuation of a case (Macklin v. Allenburg, 100 Mo. 337, 1. c. 343, and cases cited), it does not stop the execution of the judgment, unless the statutory appeal bond is given, nor destroy the judgment lien given by statute; its validity is merely held in suspense pending the appeal. It continues to be a final judgment, and if affirmed, dates from the term of court at which it was rendered. The statute is a statute of special limitations without exception as to its running save in favor of minors, and we are not authorized to engraft exceptions upon it that the Legislature had the wisdom to omit. Davenport v. City of Hannibal, 120 Mo. 150.

We therefore dismiss the writ. *Barclay* and *Goode*, *JJ.*, concur.