## EDMUNDSON vs. THE STATE.

1. The variance between the names *Edmundson* and *Edmindson* is too imperceptible to support a plea in abatement.

2. The law knows of but one Christian name. The insertion or omission of a middle name is therefore immaterial, and may be disregarded.

Error to the Circuit Court of Limestone. Before the·Hon. Thomas A. Walker.

E. J. JONES, for the plaintiff:

1. There is a greater discrepancy in the sounds of the true and adopted names in this case, *Edmindson* or *L. Edmindson* for *Edmundson*, than in the following instances, which have been held not to be *idem sonans*: McCann for McCarn, (Russ. & Ry. 351); Shakepeare for Shakespeare, (10 East. 83); Tarbart for Tabart, (Bingham v. Dickie, 5 Taunt. 14): Lyons for Lynes, (5 Port. 241); Barham for Barnham, (Kirk v. Suttle, 6 Ala. 681); Crawley for Crowley, (12 Ass. Pl. 2); Anstry for Anestry, (Bro. Var. 20); Shutliff for Shirtliff, (Gordon v. Austin, 6 Term Rep. 611; Ib. 1 Stark. Ev. 418); Willison Franklin for Williston W. Franklin, (Bull v. Franklin, 2 Speer's R. 46.)

2. The improper insertion of the middle letter *L.* is itself a misnomer. It is conceded that there are some *dicta*, and perhaps some decisions, to the effect that a party can have but one christian name, and that the omission or insertion of a middle letter is immaterial; but these *dicta* did not occur in State cases, and besides the authorities are at least divided for this question. Thus at an early day it was held that the transposing of two christian names, as "John Richard" for "Richard John," was abateable.—1 Chit. Pl. 244; 5 Term. R. 195. So suit was

abated when the defendant was sued by one of two christian names, as William for Hans William.—1 Star. Ev. 412, n. e.; Arbuin v. Willoughby, 1 Mar. 497, (4 Eng. Com. Law R. 477.) So a marriage was declared void because a middle name was improperly inserted.—1 Addams, 289, (2 Eng. Ecc. Rep. 121.) So it has been held that the insertion of the middle name by the initial is sufficient.---Lindsay v. Wells, 3 Bingham, 777 ; So in the American courts it has been ruled that the omission of a middle name was fatal,—Commonwealth v. Perkins, 1 Pick. 388 ; The same v. Hall, 3 Pick. 262 ; and in Bowen v. Medford, 5 Halst. 230, it was ruled expressly that the omission of a middle letter was fatal.

ATTORNEY GENERAL, for the State: The demurrer was properly sustained. The name by which the plaintiff in error was indicted and the name disclosed by the plea are *idem sonans*, the difference being in the spelling only.—Roscoe, 81; 2 Russ. on Crimes, 715, marg.; Lynes v. The State, 5 Porter, 236.

CHILTON, J.—The plaintiff in error was indicted by the name of Isaac L. Edmindson, for an assault and battery upon one Nathaniel Hancock. He pleaded in abatement that his true name was Isaac Edmundson. A demurrer was sustained to his plea ; after which, by leave, he pleaded not guilty, and thereupon came a jury, who found the issue against him, and assessed his fine at one cent, for which the court rendered judgment. It is insisted that this judgment is erroneous, because—1. The names Edmindson and Edmundson are not *idem sonans*. The counsel for the plaintiff has referred us to a number of cases, which will be found on his brief, where courts have considered slight departures from the true name as good ground to abate for the misnomer ; but this is one of the cases where perhaps aid cannot well be derived from precedent. Is the sound the same? is the question. This must depend in many cases upon the manner in which we place the accent upon the syllables composing the word. In the case before us, the first is the accented syllable ; the middle syllable, in which the variance is supposed to exist, is scarcely heard,—so indistinctly at least as to require the most delicate ear to detect the want of identity in the sound of the two vowels. We think the difference in the sound, if any exists, too refined ordinarily to be observed, and that the variance in

the spelling does not constitute a substantial misnomer.—Abithol v. Beniditto, 2 Taunt. 401; 2 Russ. on Cr. 715, marg.

But it is contended that the improper insertion of the middle letter "L." in the name constitutes a misnomer. We do not think so. There are, it is true, authorities which go to that extent, but we think the better opinion is, "that the law knows only of one christian name," and that the middle letter forms no part of it, so that its insertion or omission makes no difference and may be disregarded. Such was the clear indication given by the Supreme Court of the United States, in Keene v. Meade, 3 Peters' Rep. 7; see also Franklin et al. v. Talmage, 5 Johns. 84, citing Co. Litt. 3 a.; 1 Ld. Raym. 562; Vin. Abr. tit. Misnomer, c. 6, pl. 5 and 6; Roosevelt v. Gardner, 2 Cow. 463.

Let the judgment be affirmed.