# Rooks *v.* The State.

*Indictment for Carrying Concealed Weapons.*

1. *Plea of misnomer; demurrer, and striking from files on motion.*—A demurrer is the proper mode of testing the sufficiency of a plea of misnomer; yet, if the plea is so defective as to be clearly demurrable, and it is stricken from the files on motion, this is not ground of reversal.

2. *Middle name.*—A middle name being regarded as entirely immaterial, neither a mistake in inserting it, nor its omission, will support a plea in abatement.

3. *Misnomer; names of same sound.*—The names *Rooks* and *Rux*, if not strictly *idem sonans*, are so nearly the same according to the rules of English pronunciation, that the variance will not support a plea in abatement on the ground of misnomer; and the court may so decide, without evidence, and without submitting the question to the jury.

FROM the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

WALDEN & SON, for the apppellant.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted by the name of George *Rooks*. The plea in abatement for misnomer, which is based on the alleged fact that his name was George *W. Rux*, was stricken from the file, on the ground that it was frivolous.

The proper practice is to demur to a defective plea of misnomer; but, where plea is so defective as to be clearly demurrable, and the court strikes it from the files, no injury accrues to the defendant, and this court will not reverse, on

the ground that the State was required to raise the objection on demurrer.

A mistake in a middle name, or its entire omission from an indictment, in this State, will not support a plea of misnomer, being regarded as entirely immaterial.—*Pace v. State*, 69 Ala. 231; *Edmundson v. The State*, 17 Ala. 179.

The names *Rooks* and *Rux* are *idem sonans*, and must have been so decided as matter of law, on demurrer to the plea, had the issue been raised in this manner. The proper rule in such cases is, that if two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, then the variance is, *prima facie* at least, immaterial, and may be so decided by the court. And in the pronunciation of proper names greater latitude is indulged than in any other class of words.—*Ward's case*, 28 Ala. 53; *Block's case*, 66 Ala. 493; *Edmundson's case*, 17 Ala. 179; *Donnelly's case*, 78 Ala. 454; *Aaron's case*, 37 Ala. 106; *Gresham v. Walker*, 10 Ala. 370; Heard's Cr. Pl., p. 56.

In *Sayres v. The State*, 30 Ala. 15, where the issue was one of *idem sonans*, it was observed by STONE, J., as follows: "Generally, such issue is triable by the court, without evidence, and not by the jury. We will not say that there might not be cases, in which it would be permissible to introduce evidence on the question. A foreign name might be in issue; and although the orthography of the supposed names might, according to *the laws of our language*, require us to affix to each a different sound, yet in fact the foreign orthography might be there sounded precisely as the letters employed by the American pleader would be here pronounced. Whether, in such case, the proper issue is *idem sonans*, or that the party is as well known by one name as the other, or, if the former, whether the issue thereby becomes one for the jury, we do not now determine."—1 Bish. Crim. Proc. (3d Ed.), § 792, note 3. Of course, as here intimated, and often since decided, there may be cases where the issue is so involved in doubt as to be triable by the jury, and not by the court, under evidence introduced as to fact or usage.—Wharton's Cr. Ev. (8th Ed.), § 96; *Underwood's case*, 72 Ala. 220.

We find no error in the record, and the judgment is affirmed.