## MAINE *et al.* v. EDMONDS.

No. 5248.   Opinion Filed October 10, 1916.

(160 Pac. 483.)

1. **NAMES—Middle Name.** The law does not generally recognize a middle name, but looks rather to the identity of the individual, and when this identity is established, this is all the law requires.

2. **SAME—Initials.** The omission of or a mistake in the use of an initial does not affect the jurisdiction of the court, where the right party is actually served with process and has appeared in court.

3. **SAME—Idem Sonans.** By the doctrine of **idem sonans**, two names, though spelled differently, if they sound alike, are regarded as the same. Even slight difference in their pronunciation is unimportant. If the attentive ear finds difficulty in distinguishing the two names when they are pronounced, they are within the rule.

4. **LIMITATION OF ACTIONS—Limitations Applicable—What Law Governs.** An action brought in the courts of this state, upon a judgment rendered in a United States commissioner's court in the Indian Territory, is governed as to the time in which an action

thereon will be barred by the laws in force at the time the judgment was rendered.

(Syllabus by the Court.)

*Error from County Court, Hughes County;*
*J. Ross Bailey, Judge.*

Action by M. F. Maine and another, doing business as Equitable Manufacturing Company, against C. R. Edmonds. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with directions.

*Milton Brown* and *L. S. Fawcett*, for plaintiffs in error.

*Crump & Skinner*, for defendant in error.

HARDY, J. Plaintiffs in error as plaintiffs commenced an action in a justice court of Hughes county, against the defendant in error, to recover upon a judgment rendered against him in favor of plaintiffs in the United States commissioner's court at South McAlester, Ind. T. The parties occupy the same position here which they occupied in the trial court, and will be referred to accordingly. The defendant demurred to plaintiffs' bill of particulars, which demurrer was overruled, and the defendant declined to plead further, whereupon judgment was rendered against him and he appealed to the county court. He again insisted upon his demurrer in the county court, and the same was sustained. Plaintiffs declined to plead further, whereupon judgment was rendered, dismissing the action at their cost, from which they prosecute error.

The only question presented is whether plaintiffs' bill of particulars states a cause of action. They allege the beginning of the original action in the United States commissioner's court at South McAlester, Ind. T., the issuance and service of summons upon defendant, and the rendition

of the judgment on November 12, 1903. A certified copy of the transcript of said judgment is attached to the bill of particulars. Plaintiffs also allege a state of facts showing jurisdiction of the commissioner's court to render said judgment, and then plead section 4487, Mansfield's Digest of the Laws of Arkansas (Ind. T. Ann. Stat., sec. 2954), limiting the time in which actions may be brought upon judgments. They then allege that said section was in force at the time this suit was begun, and that it governed as to the limitation of time in which a suit might be brought on said judgment. They further allege the amount due thereon, and that same was unpaid. No execution was issued upon said judgment, neither was there a transcript of the same filed in the United States Court for the Indian Territory at South McAlester, or elsewhere in said Indian Territory.

The present action is against C. R. Edmonds. The transcript of the proceedings in the commissioner's court shows the proceedings there to have been against C. E. Edmonds, and one of the principal questions raised by the demurrer to the bill of particulars was the identity of the defendant in the case at bar with that of the defendant in the judgment rendered in the United States commissioner's court; it being claimed that there is no such similarity of names as would warrant the rendition of judgment herein against the defendant. If we concede that this question can be raised by demurrer, the court would not be justified in sustaining it on that ground. The bill of particulars alleged that plaintiffs commenced an action in the United States commissioner's court against defendant, and that summons was served upon him and judgment rendered against him therein. These allegations were admitted by the demurrer. One of the objections

was based upon the fact that the middle letter or initial of defendant's name, as contained in the transcript of the judgment, was different from that by which he was sued in the present proceeding, and it is claimed that this error in the middle letter or initial of defendant's name was fatal to a recovery herein. It is generally held that the law does not recognize a middle name, but looks to the identity of the individual, and when this identity is clearly established, that is all that the law requires, and an omission of or a mistake in an initial does not affect the jurisdiction of the court where the right party is actually served with process and appears in court. 21 A. & E. Ency. Law (2nd Ed.) 307; 20 Cyc. 265; *D'Autremont et al. v. Anderson Iron Co. et al.,* 15 Ann. Cas. 114, note; 1 Am. Rul. Cases 1; *Franklin et al. v. Talmadge,* 5 Johns. (N. Y.) 84, 1 Am. Rul. Cas. 36; *Edmundson v. State,* 17 Ala. 179, 52 Am. Dec. 169.

Neither is there any merit in the contention that because the defendant's surname is spelled differently the demurrer should be sustained. The law does not regard the spelling of names so much as their sound. By the doctrine of *idem sonans,* if two names, both spelled differently, sound alike, they are to be regarded as the same. No definite rules exist for the spelling and pronunciation of the names of persons, and great latitude is allowed therein, and in all legal proceedings if two names as commonly pronounced in the English language, though spelled differently, sound alike, a variance in their spelling is immaterial. Even slight difference in their pronunciation is unimportant. If the attentive ear finds difficulty in distinguishing the two names when they are pronounced, they are *idem sonans.* 29 Cyc. 272, 21 A. & E. Ency. Law (2nd Ed.) 313. In *Edmundson v. State, supra,* the plaintiff was

indicted by the name of Edmindson and it was said that the difference in the sound of the two names, if any, was too refined to be ordinarily observed. Here there is no perceptible difference in the pronunciation of the names Edmonds and Edmunds, and, though spelled differently, when pronounced according to commonly accepted methods and rules, convey to the ear sounds identical with each other and are clearly within the rule stated.

The other question urged upon the demurrer is that the cause of action upon said judgment was barred by the statutes of limitation, and this contention is based upon the proposition that the statutes of limitation of the State of Oklahoma extended over and put in force throughout the state by the Schedule to the Constitution apply, and that by said statutes a judgment becomes dormant at the expiration of five years from its rendition, where no execution is issued thereon, and that an action to revive same should be brought within one year after it becomes dormant. Sections 5153 and 5300, Rev. Laws 1910. Section 1 of the Schedule of the Constitution (Wms.' Ann., sec. 365), provides:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms˙ of government, but all shall continue as if no change in the forms of government had taken place.
\*   \*   \*"

This section of the Schedule was considered in *Patterson v. Rousney*, 58 Okla. 185, 159 Pac. 636. That was an action upon a promissory note executed and made payable in the Indian Territory, which had matured prior to the admission of the state, and had been subjected to the running of the statute of limitations, as contained in section 4485, Mansfield's Digest of the Laws of Arkansas.

Action was commenced after statehood, and the question was whether the action was governed as to the time in which it should be commenced by the statutes of limitations of the State of Arkansas or by the laws of Oklahoma Territory extended over the state by the Schedule to the Constitution; and it was held that section 4485, Mansfield's Digest, was applicable thereto. In the course of the opinion it was said:

"It appears that the purpose of adopting the provisions of the Schedule is, as expressed therein, to declare that existing rights, contracts, and claims shall continue as if no change in the form of government had taken place; that is, they shall continue to exist and be capable of enforcement without being liable to be defeated by the plea of limitation for the same period of time they would have thus continued under the laws in force at the time the cause of action accrued."

Following the decision in that case, the statutes of limitations in force upon the date of the admission of the state into the Union would continue in force as to such judgment, and the time in which action might be brought thereon would be regulated thereby. Section 4487, Mansfield's Digest, which was specifically pleaded and relied upon, was in force at the time, and is as follows:

"Actions on all judgments and decrees shall be commenced within ten years after the cause of action shall accrue, and not afterward."

Under this section plaintiffs had ten years from the date of the rendition of said judgment in which to commence an action upon the same, and the fact that no execution was issued thereon within five years from the date of said judgment would not render it dormant. *Reaves v. Turner*, 20 Okla. 392, 94 Pac. 543. This action was commenced on January 9, 1912, which was less than ten years

from the date of the judgment, and therefore was not barred.

It follows that the court erred in sustaining the demurrer to the bill of particulars, and its action thereon is reversed, and this case is remanded, with directions to reinstate same, and for further proceedings in accordance herewith.

All the Justices concur, except KANE, C. J., absent.