## KELSAY v. KELSAY LAND CO. et al.

No. 5632—Opinion Filed June 12, 1917.

Rehearing Denied Sept. 25, 1917.

(166 Pac. 173.)

(Syllabus by the Court.)

1. **States—Admission of Territory—Limitation of Actions—Note.**

Where prior to statehood a promissory note, after maturity thereof, was subjected to the running of the statute of limitations as contained in section 4483, Mansfield's Digest of the Statutes of Arkansas, adopted and put in force in the Indian Territory, the running of said statute as to said note was not interrupted by the admission of the state into the federal Union.

2. **Limitation of Actions—Part Payment by Stranger.**

A payment made upon a promissory note by a stranger thereto and without authority from the maker does not toll the statute of limitations.

3. **Liens—Appropriation of Proceeds of Sale of Land.**

A written contract based upon adequate consideration, whereby a person agrees to appropriate the proceeds of the sale of certain lands to the payment of a debt, creates a lien in equity upon the land.

4. **Limitation of Actions—Equitable Lien on Land.**

The period of limitations applicable to an equitable lien on land given to secure the payment of a debt is the same as that applicable to the debt, and an action to foreclose the lien will be barred at the time the period prescribed by the statute has run as to debt which the lien secures, under the decisions of the Supreme Court of Arkansas construing the statutes in force in the Indian Territory prior to statehood.

Error from District Court, Carter County; S. H. Russell, Judge.

Action by Newton Kelsay against the Kelsay Land Company and W. P. Terrell. Judgment for defendant Terrell, and plaintiff brings error. Affirmed.

J. B. Moore, for plaintiff in error.

Thos. Norman and Johnson & McGill, for defendants in error.

HARDY, J. Newton Kelsay, as plaintiff, commenced this action against Kelsay Land Company and W. P. Terrell to recover a balance of $43,984.11 due upon a certain promissory note executed by the Kelsay Land Company, and for 5 per cent. of said amount as attorney's fees, and to foreclose a lien upon certain lands which it was alleged had been given by defendant Terrell to secure the payment of said sum. The note was not signed by defendant Terrell. The defendants answered, pleading, among other defenses, the bar of the statute of limitations and that the consideration for said note had failed. Upon issues being duly joined, the case was tried to a jury, and resulted in an instructed verdict in favor of plaintiff and against defendant Kelsay Land Company and a verdict by the jury in favor of defendant Terrell. From the judgment in favor of defendant Terrell, the plaintiff prosecutes error.

The first question discussed in the briefs of counsel is whether the plaintiff's cause of action was barred. The Kelsay Land Company was an Indian Territory corporation, and Terrell was a resident of that jurisdiction at the time the note and contracts were executed, and has been at all times since. The note was dated December 5, 1905, and was due three days after date, and the statute of limitations applicable thereto was section 4483, Mansfield's Digest of the Statutes of Arkansas, which were in force in that jurisdiction. Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636; Maine v. Edmonds, 58 Okla. 645, 160 Pac. 483; Davis v. Foley, 60 Okla. 87, 159 Pac. 646, L. R. A. 1917A, 187.

The period of limitation prescribed by that section for actions upon promissory notes was five years after the cause of action accrued. Plaintiff commenced this suit November 15, 1912, so it is readily seen that more than five years had elapsed from the accrual of plaintiff's cause of action to the commencement of this suit. The note shows a credit of $1,500 indorsed thereon as of the 7th day of December, 1910, which was within the statutory period of five years, and, if made by defendants or either of them, would have fixed a new period from which the statute would have commenced to run (section 4494, M. D.). Trustees R. E. Bank v. Hartfield, 5 Ark. 551; Biscoe v. Jenkins, 10 Ark. 108; Durritt v. Trammell, 11 Ark. 187; Hicks v. Lusk, 19 Ark. 693; Burr v. Williams; 20 Ark. 171.

However, the payment was not made by either of said defendants, but was in fact made by McElroy and Sass, without the

knowledge or consent of defendant · Terrell, and information thereof was expressly withheld from him. McElroy and Sass were strangers to the contract between plaintiff and defendants, and were interested in certain lands involved in the transaction between plaintiff and defendants, and had platted same into town lots. In order to clear their title and to avoid any litigation with reference thereto, they paid to plaintiff $1,500 for such interest as he was claiming therein, and procured from him a conveyance of such interest, and this sum was credited by him upon the note. Under these circumstances the payment would not interrupt the running of the statute. 1 Wood, Lim. (2d Ed.) 570, sec. 116b (1); 25 Cyc. 1381; 19 Am. & Eng. (2d Ed.) 321.

But judgment was rendered against defendant Kelsay Land Company, and it is contended that, since such judgment is valid, defendant Terrell cannot take advantage of the bar of the statute. The plaintiff had acquired the control and ownership of practically the entire capital stock of the land company, and before trial moved the court to require attorneys who filed answer upon behalf of defendants to show their authority to represent defendant Kelsay Land Company, upon which they were compelled to abandon representation of that defendant. This does not deprive defendant Terrell of his right to rely upon the statute. The bar had long since attached, and by obtaining control of the defendant Kelsay Land Company, and permitting judgment to go against it. plaintiff could not revive the obligation and remove the bar as to defendant Terrell. Even though plaintiff had not acquired control of the Kelsay Land Company, that defendant could not remove the bar after it had once attached as to its codefendant, although it might waive same as to itself. The principle is similar to that where one joint debtor makes a payment upon the obligation after the running of the statute, in which case it is held in Arkansas that such · payment will remove the bar as to the debtor making the payment, but will not operate in like manner as to a joint debtor in whose favor the bar has attached. Biscoe et al. v. Jenkins et al., 10 Ark. 108; Mason v. Howell, 14 Ark. 201; Ruddell v. Folsom, 14 Ark. 217; Hicks v. Lusk, 19 Ark. 693; Burr v. Williams, 20 Ark. 172.

It is urged that, notwithstanding plaintiff's action was barred upon the note, his cause of action upon the contract under which he seeks to establish and foreclose a lien upon the premises was not barred; that, this contract being an equitable mortgage. the time within which suit should be commenced thereon would be seven years, as prescribed by section 4471 of Mansfield's Digest, under which section it is provided that all suits in law or equity for the recovery of any lands, tenements, or hereditaments shall be had and sued within seven years next after title or cause of action accrued. To determine this proposition we must examine the contract. The clause necessary to consider is as follows:

· "Now, therefore, in consideration of the premises and in consideration of the sum of $10 to him in hand paid, the receipt of which is hereby acknowledged, the said W. P. Terrell hereby agrees and binds himself that his interest in the proceeds of the following tracts or parcels of land shall be applied to the payment or discharge of any and all sums of money advanced by said Newton Kelsay and the interest thereon in the procurement of the lands, leases, etc., above referred to. * * * It is understood and agreed that the said land shall be sold in the most advantageous manner, and that the proceeds thereof shall be applied to the payment of the money advanced by the said Kelsay as aforesaid in procuring said lands, leases," etc.

In explanation of this contract it may be stated that plaintiff, defendant Terrell, and others had engaged in a joint enterprise of buying lands and leases in the Indian Territory for the purchase of which plaintiff had advanced certain sums of money. The parties operated for a time as a partnership, and thereafter incorporated under the name of the Kelsay Land Company. The contract under which the lien is claimed was executed by defendant Terrell to plaintiff in consideration of the moneys theretofore advanced by plaintiff to the Kelsay Land Company, which had been expended in the purchase of lands and leases. If this instrument be a mortgage, then plaintiff's action was commenced within time. A real estate mortgage, under the decisions of Arkansas as between the mortgagor and morgagee, at law, as well as in equity, vested the legal estate in mortgaged premises in the mortgagee until the debt secured thereby was paid. At law this estate became absolute upon failure of the mortgagor to perform the conditions of the mortgage, while in equity it was at all times before foreclosure subject to the right of redemption and was held by the mortgagee as a trust estate for the purpose of securing the payment of his debt. The right of possession followed the legal title unless controlled by stipulations in the deed or by the plain intention of the parties. There was no mortgage without something conveyed from the mortgagor to the mortgagee and a debt to be paid. Ringo Ex'r v. Woodruff, 43 Ark. 469; Whittington v. Flint, 43 Ark. 504; 51

Am. Rep. 572; Pierce v. Scott, 37 Ark. 308; Terry v. Rosell, 32 Ark. 478.

Examining the contract in question, we find no words of conveyance by which any title, legal or equitable, is conveyed to plaintiff nor any provision which gives him the right of possession to any part of the premises upon which the lien attaches. The agreement is that the lands shall be sold in the most advantageous manner and the proceeds thereof applied to the payment of the money advanced by plaintiff. It seems clear that the contract was not a mortgage within the rule prevailing at the time of its execution in the Indian Territory. Not being a mortgage, what rights did the contract create? The general rule is that a written contract based upon adequate consideration whereby a person agrees to appropriate the rents and profits of certain specific lands or the proceeds of their sale to the payment of a debt creates a lien in equity on the land. Pomeroy's Eq. Juris, sec. 1233; 19 Am. & Eng. Ency. L. (2d Ed.) 19; 25 Cyc. 665.

Governed by the rule stated, which we think is applicable, the contract created an equitable lien only, and was not a mortgage, and therefore section 4471 did not govern as to the time in which an action should be commenced thereon. While our attention is called to no decision in Arkansas upon the particular state of facts, similar questions have been considered a number of times, and the rule is that an equitable charge upon lands gives no right to possession, and, being merely an incident of the debt and security for its payment as distinguished from a right of property, it results that the lien cannot be enforced after the bar of the statute of limitations has attached to the debt. Waddell, Adm'r, v. Carlo'k, 41 Ark. 523; Stephens v. Shannon, 43 Ark. 464; Millington v. Hill Fountain & Co., 47 Ark. 301, 1 S. W. 547.

The contract creating only an equitable lien, and the full period of the statute having run before this action was commenced on the note, the right of action on the contract was likewise barred, and the court committed no error in the instructions given or in refusing those requested.

It is unnecessary for us to consider the other questions urged.

The judgment is affirmed.

All the Justices concur, except KANE, J., absent.