## BILBY v. DIAMOND et al.

No. 8626—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 5, 1918.

(174 Pac. 758.)

(Syllabus.)

1. **Indians—Cancellation of Lease—Consideration—Fraud.**

Where lessees paid $15 for a 99-year lease on certain lands of the value of $2,000, which lease was shown to be of the reasonable value of $1,500 or $2,000, and where lessors were Creek Indian citizens who had no experience in the buying or selling of lands and who knew nothing as to the market or rental value of lands, held, that the consideration was so grossly inadequate as to furnish, in connection with the other facts and circumstances, satisfactory and convincing evidence of fraud in the procurement of the lease and to justify the cancellation thereof.

2. **Limitation of Actions—Recovery of Land.**

Where lessee claimed possession of certain lands under a 99-year lease bearing date of January 23, 1902, executed in the Indian Territory, and where defendant had been in the open, notorious, and adverse possession of said premises from and after the 16th day of March, 1907, and where lessees commenced an action to recover possession of said lands on November 16, 1915, held, that plaintiff's cause of action was barred by the statute of limitations.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by John S. Bilby against Harry H. Diamond and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Lewis C. Lawson and W. L. McFall, for plaintiff in error.

Harry H. Diamond and Irwin Donovan, for defendants in error.

HARDY, J. J. S. Bilby commenced an action in the district court of Hughes county against W. D. Diamond et al. to recover possession of certain lands. Trial resulted adversely to plaintiff, and he brings error.

Betty May Wesley, a citizen by blood of the Creek Nation, died intestate and without issue some time in July, 1899, before her enrollment had been approved and before selecting her allotment. leaving her surviving Roley Wesley, her father, a Creek Indian of the full-blood. and Mary Ann Wesley, her mother, a Creek Indian of the half-blood. Thereafter the lands in controversy were selected as the allotment to which her heirs were entitled, and on January 23, 1902, Roley and Mary Ann conveyed and delivered to the Indian Land & Trust Company a lease for 99 years commencing on the 23rd day of January, 1902. The lands were patented to the heirs July. 25, 1904. On February 9, 1905, the Indian Land & Trust Company mortgaged said lease to W. M. Martin as trustee to secure the payment of certain of its indebtedness. On March 16, 1907, said trustee foreclosed the mortgage on said lease and sold the same to plaintiff. On October 2, 1906, Mary Ann Wesley, who is conceded to be the sole heir, conveyed an undivided one-half interest in said lands to W. D. Diamond, and on July 1, and September 5, 1907, Roley Wesley, by warranty deed, conveyed said premises to said W. D. Diamond, who executed an oil and gas mining lease thereon to Harry H. Diamond.

At the trial plaintiff filed motion to require Harry H. Diamond and Diamond and Poe, who had filed certain pleadings, to disclose which defendants they represented and for whom pleadings were filed by them. In support of this motion, affidavit of Lewis C. Lawson was filed, wherein it was made to appear that said Lawson had been informed by defendant Mary Wesley that she had refused to employ Harry H. Diamond as her attorney. Upon the motion being presented and hearing had thereon, same was overruled. If the action of the court in this particular constituted error, it did not affect the substantial rights of the plaintiff, because the demurrer filed by said attorneys was overruled and the answer filed by them was abandoned when another answer was filed for all the defendants by Harry H. Diamond and Irwin Donovan, whose authority was not questioned, and upon the issues thus made the case proceeded to trial. The court found that the consideration received by the Wesleys for the lease was $15, that the value

of the premises was $2,000, and that the lease contract itself was reasonably worth from $1,500 to $2,000. The findings of the court in this regard is challenged as being contrary to the evidence, but we are not willing to say that the finding of the court is against the clear weight of the evidence.

Ordinarily, mere inadequacy of consideration is not, of itself, a sufficient ground to warrant the cancellation of an instrument affecting real estate; yet, when the inadequacy is so gross as to amount to a fraud, or in the absence of other circumstances to shock the conscience and furnish satisfactory and convincing evidence of fraud, it will be sufficient **ground for** canceling the conveyance or contract, whether executed or executory. Bruner et ux. v. Cobb et al., 37 Okla. 228, 131 Pac. 165, L. R. A. 1916D, 377.

In addition to finding the consideration to be grossly inadequate, the court found that neither Mary Ann Wesley nor Roley Wesley had had any experience whatever in the handling of lands, and that neither knew anything as to the market or rental value of lands. The consideration received by the Wesleys was barely 1 per cent. of the value of the lease, which is so grossly inadequate as to shock the conscience of the court and to furnish clear and convincing evidence, in connection with the lack of knowledge and experience of the Wesleys as to the value of lands, of fraud in the deal such as would not only justify but impel the interposition of the equitable arm of the court to set aside conveyances.

It is alleged in plaintiff's petition that defendant W. D. Diamond took possession and control of all of said lands on or about the 2d of October, 1906 and has continuously kept the possession and control thereof from said date, and that from and after the 16th day of March, 1907, the said W. D. Diamond kept plaintiff out of the possession of said lands. The court found that the plaintiff, nor his vendors nor assignors, had ever been in possession of the lands in controversy. Upon this state of facts, it is urged that the plaintiff's right of action is barred by the statute of limitations. Assuming that plaintiff's lease was executed in compliance with all the formalities of the law and was in all respects valid, his right of action was barred. The lease was executed in the Indian Territory, and plaintiff's right to the possession of said lands accrued prior to statehood and the adverse possession of defendant Diamond commenced on the 16th day of March, 1907, which was at a time when section 4476 of Mansfield' Digest was in force in that territory. Section 4476 is as follows:

"No action for the recovery of real property, when the plaintiff does not claim title to the lands, shall be brought or maintained when the plaintiff or his testator or intestate, has been five year out of possession."

The period of limitation prescribed by this section began to run against plaintiff's cause of action from the 16th day of March, 1907, and the admission of the state did not operate to substitute a different statute; but the time limit prescribed thereby was applicable until the full time had expired and the cause of action barred thereunder. The plaintiff commenced his suit on November 16, 1915, which was more than seven years after his right of action had accrued and after the adverse possession of the defendants is alleged to have commenced, and was therefore barred. Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636; Maine et al. v. Edmonds, 58 Okla. 645, 160 Pac. 483; Davis v. Foley, 60 Okla. 87, 159 Pac. 646, L. R. A. 1917A, 187.

This view of the case renders unnecessary a consideration of the other questions presented.

The judgment is affirmed.

All the Justices concur.