### SAGER v. JORDAN, Adm'x.

No. 9707—Opinion Filed May 18, 1920.

Rehearing Denied Dec. 14, 1920.

(Syllabus by the Court.)

Judgment—Revival by Scire Facias—Defenses—Limitation of Actions—Indian Territory Law.

The plaintiff's intestate procured a valid judgment in his favor for $1,075.16 in the United States court for the Northern district of the Indian Territory on January 21, 1905. On June 29, 1917, the plaintiff, as executrix, sought by a scire facias to revive the judgment. The defendant pleaded as a defense the statute of limitation. Held, (a) the laws of Arkansas controlled; and (b) the statute of limitation could not be interposed as a defense.

Error from District Court, Craig County; Preston S. Davis, Judge.

Proceeding to revive judgment by Della P. Jordan, administratrix of the estate of James M. Bell, deceased, against S. L. Sager. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Kornegay, for plaintiff in error.

Wm. P. Thompson, for defendant in error.

JOHNSON, J. This is an appeal from the district court of Craig county, Hon. Preston S. Davis, Judge.

This proceeding in error was commenced in this court on January 14, 1918, to reverse a judgment rendered by the district court of Craig county, which judgment is as follows:

"This cause came on to be heard before Honorable Preston S. Davis, judge of the district court of Craig county, Oklahoma, on the 27th day of July, 1917, the same being one of the days of the regular May, 1917, term of said court, upon motion of Della P. Jordan, the duly appointed, qualified, and acting administratrix of the estate of James M. Bell, deceased, praying for a writ of scire facias

and order of court to revive a judgment obtained by James M. Bell against S. L. Sager, and for an execution in the name of said administratrix against the property of S. L. Sager, and for the satisfaction of said judgment. Petitioner, Della P. Jordan, administratrix aforesaid, appeared in person and by her attorney, Wm. P. Thompson, and the defendant, having duly served with said writ, filed a response thereto and appearing by his attorney, W. H. Kornegay, and said cause having been regularly continued by the court from the 14th day of July, 1917, to the 27th day of July, 1917, and it appearing to the court from the agreed statement of facts that James M. Bell, plaintiff in the above entitled action, did in the United States court for the Northern district of the Indian Territory on the 31st day of January, 1905, obtain a good and valid judgment against the defendant, S. L. Sager, for the sum of $1,075.16, with interest thereon at ten (10%) per cent. per annum from the 31st day of January, 1905, until paid, together with his costs herein laid out and expended; and that the plaintiff, James M. Bell, sued out an execution which was by the clerk of the district court of Craig county, Oklahoma, issued on the 31st day of December, 1908, to the sheriff of Delaware County, Oklahoma, in which county the defendant, Sager, resided, and that said execution was placed in the hands of the sheriff of Delaware county, for service and was by him on the —— day of January, 1909, returned, no property found belonging to defendant in my county, that no part of said judgment has ever been satisfied and being a judgment under the laws of Arkansas in force at the time of its rendition before statehood, is subject to said laws; that James M. Bell died intestate on the 23rd day of March, 1915, and that Della P. Jordan was regularly appointed and qualified as the administratrix of the estate of James M. Bell, deceased, on the 31st day of May, 1915, and that on the 29th day of June, 1917, Della P. Jordan, as administratrix aforesaid, filed her petition in this cause under the laws in existence at the time said judgment was obtained for a writ of scire facias for the revival of said judgment in her name as administratrix aforesaid, which said writ was duly issued and served upon defendant, S. L. Sager, in person and returned to this court and after a full hearing under the pleadings, agreed statement of facts and argument of counsel and the court having been fully advised in the premises, hereby ordered, adjudged and decreed that the writ of scire facias is the proper remedy to revive said judgment and the same is hereby ordered revived in the name of Della P. Jordan, administratrix of the estate of James M. Bell, deceased, and that execution issue against the defendant for the amount of said judgment and the clerk is hereby ordered to issue forthwith said execution herein upon said judgment in the name of Della P. Jordan, administratrix aforesaid.

"Given under my hand this 27th day of July, 1917.

"Preston S. Davis, Judge of the 23rd Judicial District of the State of Oklahoma."

The plaintiff in error's assignments are: (1) The court erred in pronouncing judgment; (2) in giving judgment and making the order of revival; (3) in overruling motion for a new trial; (4) in overruling the plea of the statute of limitation; (5) in ordering execution; (6) in making the order of revivor; (7) in holding the judgment was still alive; (8) in assuming jurisdiction; (9) the court was without jurisdiction of the subject-matter.

Counsel for the plaintiff in error discusses in his brief the foregoing assignments, wherein he says:

"There is no dispute about the facts on which the decree was rendered. This was a money judgment rendered January 31, 1905. Execution was issued after statehood in the year 1908. The plaintiff in the judgment died March, 1915. An administrator was appointed May 31, 1915. The application was made June 29, 1917. The judgment, therefore, was outlawed when the original plaintiff died, as it was over ten years old, and under the Arkansas law, that was the limit, and the issuing of execution did not revive the judgment. The issuing of the execution under the Oklahoma law arrested the statute of limitation, and made the life of the judgment five years from the date of its issuance, with the right of revivor for one year. Under the Oklahoma law, therefore, the limitation expired December 31, 1914. Hence the judgment was dead in the lifetime of the judgment plaintiff under either law. Conceding, however, that the judgment was alive when Bell died, could it be revived by the administratrix by a proceeding begun two years and one month after her application?"

It will be observed that the judgment sought to be revived was rendered in favor of James M. Bell in the United States court for the Northern district of the Indian Territory on the 31st day of January, 1905, and at a time when Mansfield's Digest of the Laws of Arkansas was in force in the Indian Territory.

Sections 1 and 2 of the Schedule to the Constitution provide:

"Sec. 1. No existing rights, actions, suits, proceedings, contracts or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the form of government had taken place. And all processes which may have been issued previous to the admission of the state into the Union under the authority of the terri-

tory of Oklahoma or under the authority of the laws in force in the Indian Territory, shall be as valid as if issued in the name of the state."

"Sec. 2. All laws in force in the territory of Oklahoma at the time of the admission of the state into the Union, which are not repugnant to this Constitution, and which are not locally inapplicable, shall be extended to and remain in force in the state of Oklahoma until they expire by their own limitation or are altered or repealed by law."

The defense relied on in the instant case is that of the statute of limitation. Concerning that defense this court held in the case of Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636, as follows:

"Where a promissory note executed and payable in the Indian Territory was subjected to the running of the statute of limitation, as contained in section 4483, Mansfield's Digest, Statutes of Arkansas, for a period of time prior to the erection of the state, an action was instituted thereon after the admission of the state into the Union in the courts of this state. Held, that the cause of action on said note was governed, as to the length of time necessary to constitute a bar thereto, by section 4483, Mansfield's Digest, and not by the laws of Oklahoma Territory extended over the state by the Constitution."

Blanchard v. Ezell, 25 Okla. 434, 106 Pac. 960; M., K. & T. R. Co. v. Hancock & Goodbar, 26 Okla. 265, 109 Pac. 223; Western Union Tel. Co. v. Hollis, 28 Okla. 613, 115 Pac. 774.

Indian Territory Statutes 1899 provide as follows:

"Sec. 2608. (M. D. 3928). If one or more plaintiffs in a judgment or decree die before the same is satisfied or carried into effect, the judgment or decree, if for money or concerning personal property, shall survive to the executors or administrators of such deceased party, and if concerning real estate, to his heirs or devisees." (S. & H. 4216; G. D. 3615).

"Sec. 2609. (M. D. 3929). In each of the preceding cases, execution may be sued out in the name of the surviving plaintiff, for the benefit of himself and legal representatives of the deceased party, or such judgment or decree may be revived in the name of such legal representative and the surviving plaintiff, and execution may be sued on jointly." (S. & H. 4217; G. D. 3616).

"Sec. 2095. (M. D. 2980.) The death of one or all the plaintiffs shall not prevent an execution thereon; but on such execution the clerk shall endorse the death of such of them as are dead; and if all be dead, the names of the personal representatives or last survivor, if the judgment passed to the personal representative, or the names of the survivor's heirs, if the judgment was for real property." (S. & H. 3037; G. D. 2611).

In construing this statute the Supreme Court of Arkansas, in Meredith v. Scallion, 51 Ark. 361, 11 S. W. 516, held that, where an estate is left without an administrator, judgment should be revived before execution. A sale had under a writ without revivor, carries no title.

We think that the judgment to be revived herein is governed by section 2608 of the statute, supra, and that scire facias to revive under the law in force (Ind. Ter. Stat., sec. 2601 [M. D. 3921]), was properly invoked, and under the holdings of the Supreme Court of Arkansas a revivor of a personal judgment by scire facias might be had at any time before the judgment is satisfied or carried into effect, and that in a proceeding to revive by scire facias the statute of limitation cannot be interposed as a defense, concerning which that court, in the case of Brown, Robb & Co. v. Byrd, 10 Ark. 533, said:

"The statute of limitations cannot be pleaded to a scire facias to revive a judgment, because it is not the commencement of an action within the meaning of the statute, but a continuance of the original suit." Wayland v. Brittin, 23 Ark. 322; Waldstein v. Williams, 101 Ark. 404.

In 23 Cyc. 1445, it is said:

"The general law as to the limitation of actions does not apply to proceedings to revive a dormant judgment, but they are governed only by the special statutory provisions, if any, applicable to proceedings of that character"

—citing in support thereof the decisions of the courts of last resort in 15 states of the Union, and Stewart v. St. Clair County, 47 Fed. 482; Wrightman v. Boone County, 88 Fed. 435, 31 C. C. A. 570.

Counsel for plaintiff in error cites, in support of his contention that the statute of limitation did bar the action to revive, the decision of this court in the case of Noyes v. French, 20 Okla. 515, 94 Pac. 546. In that case different sections of Mansfield's Digest were under construction, to wit, Statutes Ind. Ter., secs. 2601 (M. D. 3921), 2603 (M. D. 3923), 2604 (M. D. 3924), and 2954 (M. D. 4487), which pertained to the question of reviving a judgment lien upon real estate and prescribed a different period of limitation.

We are of the opinion that the judgment of the trial court is correct, and the same is therefore affirmed.

RAINEY, C. J., and KANE, HARRISON, and McNEILL, JJ., concur.