## ROWE et al. v. McINTOSH.

No. 14974—Opinion Filed April 22, 1924.

(Syllabus.)

1. **Indians—Sale of Surplus Lands—Majority Rights of Creek Freedman.**

Subsequent to April 21, 1904, all restrictions upon the sale of the surplus lands of a minor male Creek freedman under the Creek treaties and the acts of Congress expired upon his attaining the age of 21 years.

2. **Limitation of Actions—Indian. Territory Statutes.**

The statutes of limitation, as they appear in Mansfield's Digest of the Statutes of Arkansas, control the commencement of all actions, real or personal, where the cause of action accrued prior to November 16, 1907, in that part of the state formerly comprising the Indian Territory.

3. **Indians—Action for Lands—Limitations.**

Where a Creek freedman attained the age of 21 years January 18, 1907, his right to bring an action for his surplus lands, held in continuous adverse possession, expired January 17, 1914.

4. **Same.**

Upon the expiration of the federal restrictions upon the land of a minor Creek freedman upon his attaining his majority, the statute of limitation of adverse possession applicable thereto begins to run, and after the expiration of the prescribed period may be pleaded in bar to a recovery, notwithstanding the occupant may be holding under a void deed.

Error from District Court, Rogers County; C. W. Mason, Judge.

Action by Joshua McIntosh against William A. Rowe, Sr., and George W. Strawn to recover 120 acres of land allotted to him as a Creek freedman and for damages. Judgment for plaintiff, and defendants bring error. Reversed, with directions to enter judgment for the defendants.

Robert F. Blair and Edward Jordan, for plaintiffs in error.

A. W. Kelley and Holtzendorff & Holtzendorff, for defendant in error.

WARREN, J. This is a suit wherein Joshua McIntosh brought suit in the district court of Rogers county to recover 120 acres of land. He alleges that he is a Creek freedman and that the land was his surplus allotment and has been owned by him since September 5, 1903. He alleges the execution of deeds by him to Charles M. Hurlbut dated respectively October 13, 1904, November 5, 1904, and November 14, 1904; that Hurlbut conveyed to George W. Strawn November 15, 1904, and that George W. Strawn and wife on November 8, 1906, conveyed to defendant William A. Rowe, Sr., and alleges minority at the time of execution of said deed. He alleges that defendants have been in possession of said land from October 13, 1904, wrongfully occupying and using the same, alleging damages, praying for possession, and for quieting title.

Defendant Wm. A. Rowe, Sr., answered with a general denial, admitting the execution of the various deeds of conveyance as alleged, and admitting that plaintiff was a Creek freedman, and as such was allotted the lands in controversy. Defendants further alleged that the said plaintiff was an adult at the time of the execution of the various deeds. Defendants further allege a full and fair consideration passing to plaintiff and allege George W. Strawn took possession of said lands November 15, 1904, and occupied them until November 8, 1906, at which time he conveyed to William A. Rowe, Sr., defendant herein, who on the latter date took possession and has occupied said lands continuously ever since; that such possession has been actual, open, visible, hostile, and exclusive under the said conveyances. De-

fendants plead various statutes of limitations.

Defendant Strawn filed an answer of similar import. A reply amounting to a general denial was filed.

The proof on the part of the plaintiff showed that he was born January 18, 1886, and therefore reached his majority January 18, 1907. These were his surplus lands and the restrictions under the law, as well as the disability of minority, expired on that date. There being no restrictions on the land and no disability of minority, the statute of limitation of adverse possession, being section 4471 of Mansfield's Digest of the Statutes of Arkansas, in force in the Indian Territory, applied to the lands involved in this action. This section is as follows:

"No person or persons, or their heirs, shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments but within seven years next after his, her or their right to commence, have or maintain such suit shall have come, fallen or accrued; and all suits, either in law or equity, for the recovery of any lands, tenements or hereditaments shall be had and sued within seven years next after title or cause of action accrued, and no time after said seven years shall have passed; provided, that if any person or persons that are or shall be entitled to commence and prosecute such suit or action in law or equity be or shall be at the time said right or title first accrued, come or fallen within the age of twenty-one years, femme covert or non compos mentis, that such person or persons, his, her, or their heirs, shall and may, notwithstanding said seven years may have expired, bring his or her suit or action, so as such infant, femme covert or non compos mentis, his, her or their heirs, shall bring the same within three years next after full age, discoverture or coming of sound mind. Provided, also, that no cumulative disability shall prevent the bar hereby formed and constituted by the saving of this section."

This court has repeatedly held that the laws of limitations of actions in force in the Indian Territory prior to statehood were in force and governed the commencement of such actions where the right of action accrued prior to November 16, 1907. Kelsay v. Kelsay Land Company, 64 Okla. 291, 166 Pac. 173; Bilby v. Diamond, 71 Oklahoma, 174 Pac. 758; Sager v. Jordan, 80 Okla. 25, 193 Pac. 876; Foreman v. Marks et al., 87 Okla. 205, 209 Pac. 1040; Patterson v. Rousney, 58 Okla. 185, 159 Pac. 636; Maine v. Edmonds, 58 Okla. 645, 160 Pac. 483.

The plaintiff in this case cites the case of Adams v. Hoskins et al., 96 Okla. 239, 221 Pac. 728, as supporting his view. This is a case in which the question in controversy was the inability of a Creek freedman to ratify a void minor's deed during the period between April 26, 1906, and May 27, 1908. There is nothing in that opinion contrary to the holding in this or other cases cited. There is a minor comment in that case referring to the fact that the decision in the case of Harris v. Grayson, 90 Okla. 147, 216 Pac. 446, was withdrawn and decided on other grounds, and that Patterson v. Rousney, supra, and Maine v. Edmonds, supra, were purely personal actions. This comment did not disapprove of the holding as to the law of limitations as announced, and it was not intended to make any distinctions as to the law of limitations in force as between personal and real actions. There is none. Both were continued in this state by the schedule to the Constitution, sections 1 and 2, and each is equally potent in its respective sphere.

There was no issue between the plaintiff and the defendant as to the possession of these lands or as to its duration. At the close of the plaintiff's testimony the defendants demurred, which demurrer should have been sustained. A showing had already been made on the part of the plaintiff, together with the allegations of his petition, that his action was barred by limitations.

Defendant in error contends that statutes of limitation cannot run in favor of one holding under a deed made in violation of federal restrictions. This is true while the restrictions continue. The statute applies upon their expiration or removal. This court held, in Sandlin v. Barker et al., 95 Okla. 113, 218 Pac. 519:

"The statute of limitations does not begin to run in favor of one holding under a conveyance executed in violation of federal restrictions during the existence of the federal restriction: but, upon the removal of such restriction, the statute of limitations begins to run,"

The judgment of the district court of Rogers county will therefore be reversed, with directions to enter judgment for the defendants.

McNEILL, V. C. J., and BRANSON, COCHRAN, and HARRISON, JJ., concur.