## THOMAS v. TRIMBLE et al.

No. 18444.    Opinion Filed April 24, 1928.

(Syllabus.)

**1. Indians—Allottee's Certificate of Selection as Support for Conveyance and Ejectment Action.**

Certificate of selection, in the absence of restriction on alienation, will support a conveyance and will be sufficient upon which to base an ejectment.

**2. States—Arkansas Statutes of Limitation Controlling Where Cause of Action Accrued in Indian Territory Prior to Statehood.**

The statutes of limitation as they appear in Mansfield's Digest, Statutes of Arkansas, control the commencement of all actions accrued prior to Nov. 16, 1907, in that part of the state formerly comprising Indian Territory.

Error from District Court, Rogers County; J. J. Smith, Assigned Judge.

Action by Freddie Thomas against J. McD. Trimble et al. Judgment for defendants, and plaintiff appeals. Affirmed.

William Neff, Wallace & Wallace, and Claude A. Niles, for plaintiff in error.

T. J. Flannelly, Paul B. Mason, J. Wood Glass, and Holtzendorff & Holtzendorff, for defendants in error.

LESTER, J. The plaintiff in error was plaintiff below and the defendants in error were defendants below, and each therefore will be referred to as they appeared in the trial court.

The plaintiff brought suit for possession of certain lands which had been allotted to him as a Cherokee freedman; he also prayed for the recovery of damages for the withholding of said real estate. Upon trial a jury was waived, and the plaintiff thereupon introduced his evidence and rested, to which evidence the defendants interposed a demurrer; the demurrer was by the court sustained and judgment was rendered in favor of the defendants, from which judgment the plaintiff appeals. The plaintiff in his petition alleged the following in part:

"Plaintiff further alleges, that on the 3rd day of August, 1904, the plaintiff executed and delivered to the defendants, J. McD. Trimble and C. A. Braley, a warranty deed, purporting to convey the real estate in controversy herein to said J. McD. Trimble and

C. A. Braley, and said defendants assumed to take possession of said land under said deed, and that the other defendants claim some right, title, or interest in said land, solely by virtue of a title derived through said deed, the exact nature of the claims of each of the defendants being unknown to the plaintiff."

Several of the defendants filed their answer, pleading the statute of limitation, and, the legal representatives of J. McD. Trimble and C. A. Braley filed a general denial to plaintiff's petition. The plaintiff filed a reply to the plea of statute of limitations set up by several of the defendants in their answer, which reply alleged that each of the defendants was a nonresident of the state of Oklahoma since the time that the plaintiff had acquired title to said real estate. Plaintiff, together with two additional witnesses, testified in said cause, and a summary of their testimony is about as follows: That plaintiff was a Cherokee freedman, who, at the date of executing the deed herein, had reached his majority; that on the 3rd day of August, 1904, he signed a deed conveying the land in question to J. McD. Trimble and C. A. Braley; that on the 4th day of August, 1904, he went before the land office and made his selection of the lands herein involved; that on the 5th day of August, 1904, his wife joined him in the execution of said deed, and on the 8th day of August, 1904, the deed was duly filed for record. The defendants have been in possession of said land under said deed since the 4th day of August, 1904. The plaintiff in his brief, on page 18, under proposition No. 2, states:

"No statute of limitation runs against the plaintiff in this action, it being admitted that the defendants have been nonresidents ever since the making of the deed in question."

An examination of the record at page 44 reveals the following stipulation as to the residence of said defendants:

"It is further stipulated and agreed that the defendants J. McD. Trimble and C. A. Braley went into possession of the land in controversy on or about the 4th day of August, 1904, and that they and those claiming under them have been in open, notorious and adverse possession of the land continuously since that date. That the possession of said land by J. McD. Trimble and C. A. Braley was through tenants, and that the possession of those claiming under them was also through tenants, except as to the lessees under oil and gas lessees who were in actual possession under and by virtue of oil and gas leases made by J. McD. Trimble and C. A. Braley; it is further stipulated and agreed that J. McD. Trimble died at Kansas City, Mo., in the year, 1913, and that the defendant C. A. Braley died at Kansas City, in January, 1925. And it is further stipulated and agreed that at date of death of said C. A. Braley, he was a resident of Kansas City, Mo. It is further stipulated and agreed that the heirs of J. McD. Trimble were nonresidents of the state at the date of the commencement of this action in 1923, and that the heirs and legal representatives of C. A. Braley were nonresidents of the state of Oklahoma at the date of the commencement of the action as to them in 1926."

It is further stipulated that the deed under which the defendants claim title to said property is to a part of the surplus allotment of the plaintiff, who was a Cherokee freedman. In the case of Kenoly v. Hawley, 84 Okla. 120, 202 Pac. 494, in syllabus paragraph 3 thereof, it is said:

"Certificates of selection, in the absence of restrictions on alienation, will support a conveyance and will be sufficient upon which to base an action in ejectment."

Other authorities which support the rule therein announced are: Mullen v. United States, 224 U. S. 448; Ballinger v. Frost, 216 U. S. 240; United States v. Dowden, 220 Fed. (C. C. A.) 277; Sorrels v. Jones, 26 Okla. 569, 110 Pac. 743; Bowen v. Carter, 42 Okla. 565, 144 Pac. 170.

Open, notorious, and adverse possession of defendants having commenced on or just after the 4th day of August, 1904, and being subsequent to the time within which plaintiff could convey the land in question, under the above-quoted authorities, the sole question to be determined is whether the plaintiff enjoyed the right to commence his action for the recovery of the land in question on the 12th day of February, 1923, at which time he filed his original petition in the district court. We are of the opinion that the plaintiff's right of action is limited to the seven-year rule as provided by section 4471, Mansfield's Digest of Statutes of Arkansas. In the case of Rowe v. McIntosh, 101 Okla. 299, 225 Pac. 948, in the second paragraph of the syllabus thereof, it is said:

"The statutes of limitation, as they appear in Mansfield's Digest of the Statutes of Arkansas, control the commencement of all actions, real or personal, where the cause of action accrued prior to November 16, 1907, in that part of the state formerly comprising the Indian Territory."

And the court in the same opinion also stated:

"This court has repeatedly held that the laws of limitation of actions in force in the Indian Territory prior to statehood were in force and governed the commencement of

such actions where the right of action accrued prior to November 16, 1907. Kelsay v. Kelsay Land Co., 64 Okla. 291, 166 Pac. 173; Bilby v. Diamond, 71 Okla. 40, 174 Pac. 758; Sager v. Jordan, 80 Okla. 25, 193 Pac. 876; Foreman v. Marks, 87 Okla. 205, 209 Pac. 1040; Patterson v. Rousney, 58 Okla. 185. 159 Pac. 636; Maine v. Edmonds, 58 Okla. 645, 160 Pac. 483."

In the case of Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, in syllabus, paragraph 5 thereof, it is said:

"The statute of limitation does not begin to run in favor of one holding under a conveyance executed in violation of federal restrictions during the existence of the federal restriction; but, upon the removal of such restriction, the statute of limitations begins to run."

It clearly appears to us that the seven-year statute of limitation had fully expired when the plaintiff filed his action, and the evidence offered by the plaintiff having shown this affirmative fact, and no exceptions to the statute of limitation having been shown by the plaintiff, we think the judgment of the district court was without error, and the same is therefore affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 31 C. J. p. 511, §70. (2) 31 C. J. p. 532, §116.