**COLLINGSWORTH et al. v. HUTCHISON.**

No. 28237.   Jan. 17, 1939.

Rehearing Denied May 16, 1939.

Twyford & Smith and Forrest M. Darrough, for plaintiffs in error.

Stuart, Bell & Ledbetter, for defendant in error.

HURST, J.   This is an action to quiet title brought by Cora Hutchison against Jennetta Collingsworth and others holding under her. Plaintiff, Cora Hutchison, claimed title as widow and heir of O. F. Hutchison, who had acquired a tax title to the land in controversy. Defendant Collingsworth claimed title from the original owner of the land, which had been quieted in her in an action based upon service by publication, against "O. F. Hutchinson" and his unknown heirs. The principal question involved in the court below was whether the judgment obtained upon service by publication against "O. F. Hutchinson" and his unknown heirs was valid as against "O. F. Hutchison" and his unknown heirs. The trial court held that the variance in the spelling of the names was fatal to the service on plaintiff as an unknown heir of O. F. Hutchison, and canceled the judgment as to her and quieted title in plaintiff as against defendants.

1.   The first contention made by defendants in their appeal to this court is that the service in the former judgment against "O. F. Hutchinson" and his unknown heirs is valid as against "O. F. Hutchison" and his unknown heirs under the doctrine of idem sonans.

"Idem sonans" translated into English means "having the same sound." Bouvier's Law Dictionary, vol. 2, p. 1484. Regarding the doctrine, it is said in 19 R. C. L. 1334 that "on account of the arbitrary orthography and pronunciation given to proper names, and on account of the variant spelling of names resulting from ignorance, the courts have formulated the doctrine of idem sonans. The use of a name is merely to designate the person intended; and that object is fully accomplished when the name given to him has the same sound with his true name. Hence in legal proceedings a mistake in spelling the name of a party is immaterial if both modes of spelling have the same sound." The recognized test for determining if names are idem sonans is whether, although spelled differently, the attentive ear finds difficulty in distinguishing the two names when pronounced. 19 R. C. L. 1334; 45 C. J. 383. The doctrine receives general recognition in cases where the party in question has been actually served, or is actually in court, for in such cases the emphasis is on the pronunciation and there could be no injury in holding names of similar sound to be idem sonans. The rule has been thus applied by this court in Maine v. Edmonds (1916) 58 Okla. 645, 160 P. 483, where it was held that "Edmonds" and "Edmunds" are idem sonans.

But in cases involving service by publication, where property rights are involved, there is some discord in the authorities, and such a case has not been passed upon by this court. Some jurisdictions give full force to the doctrine and some reject it altogether.

Others disregard the sound of the names and predicate their holding solely on appearance. See 19 R. C. L. 1335, and cases cited; 45 C. J. 390. Still other jurisdictions take a modified view and require, in order to support a judgment based upon publication service, that the name, as published, both appears and sounds similar to the real name. Guaranty Abstract Co. v. Relf (1926, Tex. Civ. App.) 280 S. W. 616. We think this is the better view. The emphasis, in such cases, should be placed upon the appearance, but it is not proper to disregard altogether the pronunciation. To do so, or to reject the doctrine entirely, would perhaps lead to the overturning of judgments in many cases through ignorance or mere clerical errors and would tend to impair the stability of judgments. As to the question of whether the names sufficiently appear the same, the test seems to be whether the two names look substantially the same in print, and further, whether the variation is such that defendant or his acquaintances upon reading the published notice would not be misled as to the person intended. 19 R. C. L. 1335. See Ordean v. Grannis (1912, Minn.) 136 N. W. 575, L. R. A. 1915B, 1149.

Applying these principles to the instant case, we have two considerations: First, Does the name "O. F. Hutchinson" and "O. F. Hutchison" sound the same when pronounced? It must be borne in mind that we must consider the name as pronounced by the "generality of mankind." Miltonvale State Bank v. Kuhnle (1893, Kan.) 31 P. 1057. We think that it cannot be doubted that the similarity in sound is so great that, were the names pronounced by one who was the least careless in articulation, as certainly is the "generality of mankind," the difference in sound would be scarcely perceptible. The cases are so numerous and varied as to what names are idem sonans and what are not that the examination of individual decisions is not of much assistance. See collection of cases in 45 C. J. pp. 384-389, notes 14, 20. The books are full of hairbreadth distinctions and conflicts. Each case must be tested upon its own facts by an application of the recognized criteria. However, inasmuch as it is suggested in Kelly v. Kuhnhausen (1908, Wash.) 98 P. 603, that the commonness of the name may be considered to militate against the application of the rule in a given case, it may be well to point out that in Miltonvale State Bank v. Kuhnle, supra, the names "Johnson" and "Johnston" were held idem sonans. Also in Davison v. Bankers Life Ass'n (1912, Mo.) 150 S. W. 713 the names "Davison" and "Davidson" were held idem sonans. These names are equally as common as "Hutchinson" and "Hutchison," and it must therefore be concluded that the commonness of the names is by no means a conclusive factor.

The second consideration is whether the two names appear the same when read. The initials are identical, and the placement of the letters in the last name are identical, with the exception of the letter "n." They look substantially the same in print, but, of course, as in the case of every variation in spelling, the difference could be detected by a studied reading. However, the emphasis in this connection should be directed to the further question of whether the plaintiff here, or her acquaintances, would be misled into thinking that some one else was the one sued because of the variation in spelling. In this connection we need not examine the names by themselves and unassociated from everything else in the published notice, because it would be unreasonable to say that a person examining such notice would consider only the name itself. A determination of the question of whether a person would be misled requires an examination of the entire notice such as would be given to an instrument of that character by the average person. The notice here contained a description of the land to which plaintiff claims title, and it must be confessed that an average person, examining such notice, would not fail to observe the description of the land comprising the subject matter of the litigation. Such being the case, we do not think it can be said that plaintiff or her acquaintances would be misled by the misspelling of the name "Hutchison" so that they would not know who was intended to be served.

The evidence discloses that plaintiff had no actual knowledge of the case and did not in fact examine the published notice. That, however, does not affect the question under discussion, because where the statutory requirements are fulfilled, the lack of actual knowledge or notice is not material for publication service.

We conclude, therefore, that the names "O. F. Hutchinson" and "O. F. Hutchison" are idem sonans, and the former judgment against "O. F. Hutchinson and his unknown heirs" is not void as to plaintiff herein.

2. Plaintiff contends that the former judgment against her is void for another reason: The affidavit for publication in the former suit was made by Anton Cossota on October 10, 1934, wherein he stated: "Affiant further states that this said action is one brought by the plaintiff alleging that he is the owner and in possession of the following described real estate in Oklahoma county, Oklahoma." Plaintiff points out that, although this statement is sworn to as being

true and correct, yet the record here shows that on June 27, 1931, a deed was executed and acknowledged by Cossota to defendant, which covered the property involved in said action. Therefore, it is argued, the judgment "based upon an affidavit for publication which was absolutely untrue and made by a party not interested in the property was void."

It must be remembered that the action here constitutes a collateral attack on the former judgment. It is not a proceeding authorized under section 556, O. S. 1931 (12 Okla. St. Ann. sec. 1031). It is well settled that "a judgment of a court of general jurisdiction is not subject to attack, collaterally, unless the judgment is void upon its face." Orth v. Hajek (1927) 127 Okla. 59, 259 P. 854. There is nothing on the face of the judgment roll in the former action to indicate that the affidavit did not speak the truth, or that shows that Cossota was not the owner of the property in question. Extrinsic fraud was not alleged nor is it now asserted to have been practiced. The sole evidence relied on to impeach the affidavit in the former case is the deed introduced in the instant case, which was not recorded until after this action was commenced. Under such circumstances, the former judgment cannot be attacked collaterally upon the ground now urged.

The cases relied on by plaintiff in this regard are not in point. In Starr v. Thompson (1921) 80 Okla. 223, 195 P. 758, the question of collateral attack was not involved, the question being merely the right of plaintiff to maintain an action to recover possession where the undisputed proof showed that prior to the filing of his suit he had conveyed away his interest in the land.

Neither is the question of collateral attack involved in the case from the surrogate's court of New York county, New York (In re Norwood's Estate, 1920, 181 N. Y. S. 494), relied on by plaintiff.

In Myers v. Purdy (1925) 108 Okla. 147, 234 P. 638, it appears that the jurisdictional defect in the judgment being collaterally attacked appeared on the face of the judgment roll.

We therefore hold that the former judgment quieting title in defendant Collingsworth is valid as against plaintiff herein and is a bar to the present action.

Judgment reversed, with directions to enter judgment in favor of defendants.

BAYLESS, C. J., and RILEY, CORN, and DANNER, JJ., concur.