## FOREMAN v. MARKS et al.

No. 16038—Opinion Filed Feb. 2, 1926.

Rehearing Denied May 11, 1926.

**1. Indians—Limitation of Action to Recover Land—Seven Year Statute of Arkansas Applied.**

F., a Cherokee freedman, who became of age on the 22nd day of May, 1905. was, on the 30th day of March, 1905, allotted the lands in controversy as and for his surplus allotment, and allotment certificate was issued to him on the same day; and on the same day he made his conveyance in favor of M.. and delivered the conveyance and the land to M.. who, with those holding under him. remained in the open. notorious, peaceable, uninterrupted, and exclusive possession until the 6th day of December, 1912, when F. sued M. and those holding under him for possession. The last owner holding under M. interposed a plea of the Arkansas seven-year statute of limitation in bar of F.'s right of recovery. Held, that the seven-year statute of limitation began to run on F.'s reaching his majority, and on December 6. 1912. the day the suit was filed. constituted a complete defense and bar to plaintiff's right to recover the land. more than seven years having elapsed between F.'s reaching his majority and bringing his action for possession.

**2. Same—Judgment Sustained.**

The record requires that the judgment be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Zachariah Foreman against L. W. Marks, Leslie Coombs, H. J. Holm, and Genevra Oil Company, a corporation. From the judgment, the plaintiff appeals. Affirmed.

E. G. Wilson. J. M. Springer, and Thompson & Thompson, for plaintiff in error.

Rowland & Talbot and W. H. Kornegay, for defendants in error.

Opinion by SHACKELFORD, C. The plaintiff in error will be referred to herein as

the plaintiff, and the defendants in error as' defendants, as the parties appeared in the trial court.

The plaintiff commenced his suit in the district court of Washington county, on the 6th day of December, 1912, for the possession of land in Washington county, the surplus allotment of the plaintiff as a Cherokee freedman, containing 50 acres of land; and, for damages for unlawful detention, rents, and profits derived from the land during eight years. The gist of plaintiff's petition is in ejectment, except he does not attach copies of instruments on which he relies to establish title and right of immediate possession. The defense of defendant L. W. Marks is a general denial; and an affirmative defense that he purchased the land from the plaintiff, paid the agreed consideration, and took plaintiff's voluntary conveyance and went into possession of the land, and claims title under the deed. The answer contains other defense matter which it will be unnecessary to refer to here. The defendants Leslie Coombs and H. J. Holm filed their joint general denial by way of answer. The Genevra Oil Company, a corporation, filed a separate answer, first, a general denial; and, second, it pleaded plaintiff's deed to L. W. Marks, and mesne conveyances purporting to pass title to it; and that it went into possession and relies upon its chain of title, and has leased to M. E. Patton, reserving royalty and other rights in the land. In an amended answer this answering defendant pleads the Arkansas seven-year statute of limitation as a bar to plaintiff's right to recover. The plaintiff demurred specially to certain portions of the defendant's answer. Thereafter the plaintiff filed reply denying generally all the affirmative defenses set up. By way of further reply it is charged that plaintiff was a minor when he executed the conveyance to L. W. Marks on which the defendants rely; and that the conveyance was the result of a conspiracy between plaintiff's father and the purchaser; and that plaintiff did not voluntarily appear before the Dawes Commission for allotment, nor represent to any of the parties that he was of full age at the time he made his deed to Marks.

A jury was impaneled to try the issues joined. At the close of all the evidence the trial court sustained defendants' motion for a directed verdict; and directed a verdict for defendants and entered judgment for them upon the directed verdict. The plaintiff appeals and presents assignments of error under the following: (1) The court erred in overruling the plaintiff's demurrer to defendant's fifth paragraph of its an-

swer. (2) The court erred in admitting incompetent evidence on the part of the defendants. (3) The court erred in instructing the jury to return a verdict for the defendants.

It seems to us that whatever might have been the effect of the supposed defensive matter pleaded in the fifth paragraph of the defendants' answer and attacked by demurrer, there is a question raised of the statute of limitation which may render it needless to examine the other contentions made.

In the amended answer of the Genevra Oil Company, filed in 1924, it specifically pleads the seven-year Arkansas statute of limitation as a bar to plaintiff's right to recover. The land involved was allotted to the plaintiff as a Cherokee freedman on the 30th of March, 1905, as and for the surplus portion of his allotment, and the allotment certificate issued as of that date. Thereafter the plaintiff made his deed to L. W. Marks conveying to him the land, and possession of the land was taken by Marks under the deed; and he, or those holding under him, had been in continuous, uninterrupted, open, peaceable, notorious, and exclusive possession of the land, holding adversely to the plaintiff, under his deed, until the 6th of December, 1912. It seems to be agreed that the allotment certificate was issued at or about the time that the selection was made. The plaintiff's deed was outstanding and adverse possession was being held by the defendants from and after the 30th of March, 1905, or a few days more than seven years and eight months before the suit was filed.

The plaintiff, however, contends that at the time the deed was made, he was a minor, and his deed was, therefore, void. It seems from the record that it is not contended by any of the parties that plaintiff reached his majority later than the 22nd of May, 1905. If so, defendants had held the land for a few days more than seven and one-half years after the plaintiff reached his majority, before the action was commenced. It seems not to be contended that there was any federal restriction existing, other than the disability of minority. If so, such restriction was removed as of May 22, 1905, when the plaintiff became of age. If the limitation began to run as of that date, it is well settled that the running of the statute would not be arrested by the incoming of statehood; and would continue to run until the limitation would be complete, if rights were not asserted in the courts in the meantime. The question then is, Did the Arkansas seven-year statute of limitation

begin to run as of the 22nd of May, 1905? There is no doubt that the Arkansas law was in effect at that time, and fixed the rights of the parties. It is contended by the plaintiff, however, that under the federal statutes (section 21, Act of July 1, 1902, 32 Stat. L. 718), it was the duty of, and the Indian agent acting under the Secretary of the Interior had the exclusive power to remove all objectionable parties from the land and put the allottee in possession, and this was never done; and the statute could not begin to run until this action was taken. This statute seems to be applicable to cases where some objectionable party is in possession at the time of allotment, or goes into possession against the will or rights of the allottee before he is enabled to take possession as such allottee. The allotment record here seems to show that at the time this land was allotted to plaintiff, no objectionable party was in possession of the land. It seems, rather, that the plaintiff was either in possession, or, at least, owned the improvements on the land, a small amount of fencing. It seems not to be in dispute that, at most, the land was unoccupied, so there was nobody for the Indian Agent to operate against for the purpose of putting the plaintiff in possession; and there being nobody in possession, at least constructively, the plaintiff was in possession when he was the owner of the improvements on the land. It cannot be very well asserted and maintained that Marks was a party objectionable to the plaintiff, since Marks went into possession by the plaintiff's consent and under the plaintiff's deed. It seems that there was no occasion for action of the Indian agent before Marks took; and certainly the Indian agent was never appealed to afterwards to put the plaintiff in possession, or we would have heard something of it in this record. There seems to be no doubt that during all of the period from the 22nd of May, 1905, until the suit was finally filed, the courts were open for the plaintiff, with jurisdiction to entertain a petition to cancel the deed and give him possession.

In Wallace v. Adams, 143 Fed. 717, the Circuit Court of Appeals for the Eighth Circuit held that:

"The United States Courts in the Indian Territory have jurisdiction of an action of ejectment brought by an Indian allottee against one in possession of his allotment."

This was declared to be the law, it seems, as early as 1906. If so, the territorial court was open for plaintiff to bring the character of suit he did bring, until statehood, in November, 1907, and thereafter state courts had ample jurisdiction. But such had undoubtedly been the law for some years before the plaintiff was allotted the lands in question.

But the plaintiff again contends that he had no right of action until the patent was issued to him, some two years after allotment, and that this court so held upon a former trial and appeal. Foreman v. Marks, 87 Okla. 205, 209 Pac. 1040. Such was the holding of the court in the case at that time; and it was also held in the case that the Arkansas seven-year statute would only begin to run with the approval of the patent. But an examination of the opinion shows that the conclusion reached was based upon a stipulation of the parties with reference to the date of issuance of the patent, without any reference whatever to the date the lands were allotted, or the date of the allotment certificate. The record here presented seems to show that the allotment certificate was issued as of about March 30. 1905. and before plaintiff made his deed. So, it would seem that the same facts were not before the court on the former appeal which are now presented; hence it cannot be successfully contended that the law there declared is the law of the case as binding and conclusive upon the court in the consideration of this appeal. Besides, there being a difference in the facts before the court in the two appeals, it might be at least said that there is doubt as to whether the question of the limitation under the Arkansas seven-year statute was before the court in the former appeal, since it had not been specifically pleaded at the former trial, while here the seven-year statute is specifically pleaded, interposed as a defense, and relied upon as a bar to plaintiff's recovery. In the former appeal the question was raised by a requested instruction at the close of the evidence, and in the former appeal it was held it was error to give the requested instruction. Under the record there presented the holding was correct for the reason assigned, and perhaps for the additional reason that the question was not raised by the answer of the defendants. It has been frequently held that the question of statutory bar may be raised by demurrer where the facts pleaded show that the action is barred by the statutory limitation; but where the petition does not show upon its face that the action is barred by statutory limitation the general rule is that the statutory bar is defensive in its nature and must be pleaded by way of defense. But, however that may be, the facts before the court are not the same as upon the former appeal; and in an amended answer filed prior to the last trial the seven-

year Arkansas statute of limitation is specifically pleaded and relied upon. Such being the record here presented, the law of the case as declared upon the former appeal is not conclusive upon the court in its examination here.

It seems the plaintiff's contention that the statute of limitation did not begin to run against him until the issuance of the patent cannot be maintained. The land herein involved had been selected by the plaintiff on March 30, 1905, and the allotment certificate had been issued to him as of that date. It seems that the federal statutes made the allotment certificate conclusive of the right of the allottee to the land described in the certificate (section 21, Act of July 1, 1902, 32 Stat. L. 718). The deed was made and possession taken on about the 30th day of March, 1905. If the plaintiff was a minor at that time, he was incapable of making the deed, and his deed was void because of the federal restriction of minority. This restriction was removed when he attained his majority, or according to plaintiff's evidence, on May 22, 1905. At that time the plaintiff under the allotment certificate had the conclusive right to his allotted lands: and the defendants were in possession, holding against him under his void deed. His right of action accrued then. He had the conclusive title and right to the land, and an undoubted remedy against defendants, and a forum at hand in which to assert his rights. The statute of limitation interposed as a defense (Arkansas seven-year limitation) began to run on his coming of age, and had fully ran at the end of May 22, 1912; and his suit was not commenced until December 6, 1912.

It is not an open question as to whether a void deed will start the running of a statutory limitation. This court settled the question in Sandlin v. Barker, 95 Okla. 113, 218 Pac. 519, and Rose v. McIntosh, 101 Okla. 299, 225 Pac. 948. In both those cases the court held that a void deed would put the statute in operation.

Some other matters are argued in the briefs, but we deem it unnecessary to examine or decide the contention made, since the plaintiff is met by the insurmountable obstacle of the statutory bar. It is evident that this was the conclusion reached by the learned trial judge, and hence the direction given to the jury to return a verdict for the defendants. The direction was properly given.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 C. J. p. 484 § 13. (2) 4 C. J. p. 1130 § 3122.